FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| UNILOC 2017 LLC,<br><br>    Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | C.A. No. 2:18-cv-00491-JRG<br><br>C.A. No. 2:18-cv-00492-JRG<br><br>C.A. No. 2:18-cv-00493-JRG<br><br>C.A. No. 2:18-cv-00496-JRG<br><br>C.A. No. 2:18-cv-00497-JRG<br><br>C.A. No. 2:18-cv-00499-JRG<br><br>C.A. No. 2:18-cv-00502-JRG<br><br>C.A. No. 2:18-cv-00503-JRG<br><br>C.A. No. 2:18-cv-00504-JRG<br><br>**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**<br><br>**JURY TRIAL DEMANDED** |

**GOOGLE LLC'S MOTION FOR PROTECTIVE ORDER REGARDING DEPOSITION TOPIC NOS. 1-9, 11-18, 20-56, AND 59-78**

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

**I.   INTRODUCTION**

Uniloc served 30(b)(6) deposition notices in all nine active Wave 1 cases, each with more than 80 broadly-worded and essentially identical topics. (Exs. 1-2.) Several of the topics improperly seek testimony that is irrelevant to any disputed issue, and from those topics Google seeks complete protection. For the vast majority of topics, Google is able to provide a witness so long as the topic is narrowed to the claims and defenses in each case. During multiple meet and confers, Uniloc rejected all of Google's efforts to properly narrow or remove offending topics. Google respectfully requests that the Court enter a protective order: (i) narrowing the scope of Topic Nos. 1-2, 7, 11-18, 20-34, 36-52, 54, 59-61, 63, 66-70, and 72, for which Google will provide witnesses to testify commensurate with the scope of disputed issues in each case; and (ii) precluding Uniloc from proceeding with Topic Nos. 3-6, 8-9, 35, 53, 55-56, 62, 64-65, 71, and 73-78 because they are facially overbroad and have no nexus to any claim or defense.

The issues raised in this motion apply to every Wave 1 case. Google moves separately for limited case-specific relief in individual cases (subject to the same overall page limit).

**II.   LEGAL STANDARD**

Rule 26 "has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition." *Crosby v. Louis. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, … or undue burden." Fed. R. Civ. Pro. 26(c)(1). Good cause exists when the discovery is "irrelevant to the issues involved" or "[a]ny marginal relevance … is outweighed by the burden." *Avance v. Kerr-McGee Chem. LLC,* 2005 WL 5315658, at *3 (E.D. Tex. 2005). The Court's "broad discretion in entering … [protective] order[s]," *Quintel Ltd. v. Huawei , Inc.,* 2017 WL 3712349, at *3 (E.D. Tex. 2017), includes relief from improper Rule 30(b)(6) topics.

**III.   ARGUMENT**

### A.   Topic Nos. 1-2, 7, 11-18, 20-34, 36-52, 54, 59-61, 63, 66-70, And 72 Should Be Narrowed To The Claims Or Defenses In The Case

#### 1.   Unaccused Features - Topic Nos. 1, 11-15, 16-18, 48-49, 59-60, and 72

These topics seek testimony about the Accused Instrumentalities in general rather than the specific features identified in Uniloc's contentions. For example, Topic No. 1 is directed to the "identity and operation of all Accused Instrumentalities," without limitation to the accused features. Topic Nos. 11 and 12 broadly refer to any "[c]hanges made to the design or operation of [t]he Accused Instrumentalities" and the "software of each Accused Instrumentalities." (Jones Decl., Ex. A at 6-14.) Of course, the accused products include design, operation, and code far beyond the disputed features. Seeking compromise, Google offered witnesses to testify "regarding the design and functionality of the specific accused features ... charted in Uniloc's Local Patent Rule 3-1 disclosures." Uniloc rejected that compromise. The Court should limit the topics to their proper scope--the accused features in the infringement contentions--because when a party's discovery swells beyond that scope, Rule 26 provides courts with "ample powers" to curb "undue and uncontrolled discovery." *Herbert v. Lando*, 441 U.S. 153, 176-77 (1979).

#### 2.   Overbroad Marketing Topic Nos. 27, 40-47, And 50-52

These topics generically cover the "nature and types of services provided by" Google (No. 52), all "presentations" (No. 46) and "[a]ll surveys" (No. 27) "relating to the Accused Instrumentalities," "the monetary and/or non-monetary value that [Google or Google's] customers … place on the Accused Instrumentalities" (Nos. 41-42), and various marketing topics directed to the entirety of accused products rather than the accused features. Given Uniloc's failure to draft these topics with any "reasonable particularity," Google offered to narrow the topics' scope by providing witnesses "to testify regarding marketing analyses produced by Google" (Nos. 41-45, 47), "to testify generally regarding which products and services are offered by Google" (No. 52),

or work with Uniloc to identify a reasonable scope for which a witness can be prepared (Nos. 40, 46). Uniloc declined to alter these topics despite their overbreadth and Google's efforts to identify workable solutions.

### 3. Overbroad Licensing Topic Nos. 22-26 And 66-70

These topics relate to Google's IP licenses and agreements (Nos. 22-26, 70), and estimation of damages (Nos. 66-69). For example, Topic No. 23 addresses Google's "policies and practices related to licensing intellectual property to, and from, others." Google offers witnesses to testify about Google's "licensing practices generally" and "patent licenses and financial information produced in this litigation" Though Uniloc asserts that the topics require additional information, it does not explain what that information is or why it is probative of any issue. Uniloc thus ignores the Court's order denying a previous "motion to the extent that it asks for further licenses pursuant to Interrogatory Number 6." (Dkt. 217.) Uniloc's stance is also contrary to its own objections to Google's similar topics. (Jones Decl., Ex. C at 14.)

### 4. Overbroad Financial Topic Nos. 28-34, And 36-39

Topic Nos. 28-34 and 36-38 seek testimony about sales, revenues, expenses, and profits. In each case, Google produced responsive financial data and provided a narrative interrogatory response explaining that data. Google further offers witnesses "to testify regarding the financial information produced in this litigation for the accused [instrumentalities]." For reasons that remain unclear, Uniloc declines to limit the topics in any way. Topic No. 39 broadly seeks testimony about Google's "publicly-disclosed financial statements." This topic is not linked to any issue in these cases, and is unduly burdensome given Google's production of financial data for the accused products and designation of witnesses to testify about the same.

### 5. Work Product Topic Nos. 7, 20-21, 54, And 61

Topic No. 7 asks for testimony about Google's interrogatory answers and "the content and

3

subject matter of Documents identified" in those responses. Topic No. 54 essentially seeks testimony about all documents that could in any way relate to the accused products. Given the broad sweep and burden of these topics, Google offers witnesses "to testify regarding the facts set forth in Google's interrogatory responses," and the documents identified in those responses. Uniloc rejected any narrowing of these overbroad topics.

Topics 20, 21, and 61 are even broader, seeking the bases for Google's contentions regarding non-infringement and invalidity, and identification of all documents on which Google relied upon in its discovery responses and pleadings. Uniloc failed to explain how such topics could encompass any additional, non-privileged information that is not covered by Topic No. 7. Further, Uniloc's rejection to narrow or withdraw these topics is undercut by its own refusal to proffer any witness for Google's topics seeking similar information. (Jones Decl., Ex. C at 9-10.)

### 6. Overbroad Knowledge of Patent Topic Nos. 2 And 63

Topic Nos. 2 and 63 concern Google's "first knowledge" of the asserted patent and "[a]ll communications between [Google] and any third party" about the patent. Google offers a witness to testify regarding Google's knowledge of the patent "on or before the filing of the Complaint." Beyond this scope, any information would be subject to privilege or already produced pursuant to the parties stipulation regarding communication with subpoenaed prior artists. Without explanation, Uniloc declined to narrow these topics.

### B. Topic Nos. 3-6, 8-9, 35, 53, 55-56, 62, 64-65, 71, and 73-78 Are Not Relevant And Should Be Precluded

#### 1. Consumer Data Collection Topic Nos. 53 and 73-78

Discovery has "ultimate and necessary boundaries," *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978), and courts must guard against "burdensome and speculative fishing expeditions." *Crosby*, 647 F.3d at 264. That is the case with Topic Nos. 53 and 73-78 are facially

overbroad and not tied to the accused functionalities. The topics instead seek information about the "types of data ... Google collects from and/or about its customers" (No. 73), including "what types of information is collected by Google apps, sites" and "devices," (No. 74); "how Google uses the information … it collects from ... its customers" (No. 75); "how Google makes revenue by monetizing the data … it collects from ... its users" (No. 76); "how Google identifies the location of the user ... from whom Google collects data" (No. 77); and "how Google identifies the device being used by Google's user ... which is collecting data." (No. 78). (Jones Decl., Ex. B at 6-14.) These topics indiscriminately cover *any information* collected from *any user* through *any use* of *any Google product* during *any period of time*. Similarly, Topic No. 53 asks for "policies and practices related to tracking customer information ... for the Accused Instrumentalities." Given that the Accused Instrumentalities include far more functions than what is referenced in Uniloc's contentions, Topic No. 53 lacks any nexus to the accused functionalities.

Topic Nos. 53 and 73-78 are not "relevant to any party's claim or defense" nor "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). They do not pertain to infringement, invalidity, or damages. How Google generally "uses the information … it collects ... about its customers" and "how Google makes revenue by monetizing [such] data" is not probative of any contested issue. Instead, these topics amount to a dragnet for irrelevant information that impose burdens far exceeding their nonexistent benefit. In any event, Google's willingness to provide testimony on other topics that are specifically targeted to each case and address user metrics relating to the accused functionalities is more than sufficient.

Addressing analogous circumstances in *Seven Networks, LLC v. Google LLC* (2:17-cv-0442-RJG), this Court denied a motion to compel requests directed to similarly generic topics, including all "revenue Google collects from advertisements targeted to users of the Accused

Products" and "all revenue Google collects from user data collected from the Accused Products," because "these requests *are not limited to the accused functionalities* but cover all revenue associated *with any user of the accused mobile devices*." (Dkt 210 at 2.) This same reasoning applies with greater force here because Topic Nos. 73-78 are not even restricted to the accused products (much less the accused functionalities). This underscores that the topics are disconnected from the parties' claims and defenses, and instead seek to harass Google regarding issues untethered to any dispute that the Court or jury will resolve. In these instances, limits on discovery "should be firmly applied, and the district courts should not neglect their power to restrict discovery where justice requires protection." *Herbert*, 441 U.S. at 176-77.

### 2. Unaccused Instrumentalities - Topic Nos. 55-56

Topic Nos. 55-56 seek testimony on products "that are reasonably similar to the Accused Instrumentalities." Uniloc refuses to withdraw these topics despite the Court's previous ruling that products not charted in the contentions are not part of these cases. (-492 Case at Dkt. 227; 3/12/20 Hr'g Tr. at 104:1-17.)

### 3. Financial Projections Topic No. 35

Topic No. 35 seeks "[p]rojections for sales and or use" of the accused products. Damages are determined based on what has happened, not speculation about the future. Google produced actual financial data (including revenue and units sold) and supplemented interrogatory responses explaining that data. Google also intends to produce the most current financial data. Moreover, Google offers witnesses to testify regarding the produced financial data. Given this discovery, Topic No. 35 is not probative of any issue in these cases.

### 4. Document Collection Efforts Topic Nos. 3-6 And 8-9

Good cause exists for a protective order on Topic Nos. 3-6 and 8-9, which relate to Google's document collection efforts and document retention policies. These topics are not

6

proportional to the needs of the case and improperly seek privileged information. Topic No. 3 seeks Google's "document collection and production efforts," and Topic No. 4 covers the "identity, organization and structure of any division, department, group or subdivision … from which Defendant has collected and produced Documents." Such discovery on discovery has no reasonable nexus to any issue, and is simply make-work (preparing and examining witnesses on document production does not advance the merits of either party's claims or defenses), especially as Google has produced thousands of documents in each case and served and supplemented privilege logs. To the extent the topics have any relevance (and they do not), Google offers multiple witnesses to testify about Topic No. 7 concerning Google's "answers to Plaintiff's interrogatories … including ... Documents identified and/or relied upon by Google."

Moreover, these topics encroach on subject matter covered by the attorney-client privilege. For example, Topic No. 5 asks for "processes and procedures employed by Defendant to search for, identify and produce Documents," and Topic No. 6 seeks "processes and procedures ... to search for and identify individuals named in Defendant's disclosures." A witness cannot be questioned about the formulation, substance, and decision-making process concerning how to search for documents, which documents to produce, and how to determine which employees should be identified as having relevant knowledge without delving into subject matter protected by privilege. As courts aptly explain, "answering requests for production and interrogatories customarily is performed with the assistance of counsel. Thus, the proposed area of inquiry improperly trespasses into areas of work product and attorney-client privilege." *SmithKline Beecham Corp. v. Apotex Cop.*, 2000 WL 116082, at *9 (N.D. Ill. 2000). At a minimum, these topics should be appropriately narrowed, but Uniloc has declined to do so.

### 5. Communications and Efficient Infringement Topic Nos. 62, 64-65, 71

Topic No. 62 seeks testimony about Google's communication with third parties about the

7

litigation, and Topic Nos. 64-65 cover communications between Google and third parties about prior art. To the extent such communications are not protected by common-interest privileges or Rule 26, Google has produced correspondence between its outside counsel and various third parties subpoenaed for prior art as stipulated by the parties. (Dkt. No. 200.) Uniloc cannot explain how such communications are relevant to any issue, and instead seeks to have outside counsel serve as witnesses. In such circumstances, Rule 26 authorizes a protective order because the discovery "is unreasonably cumulative" and "can be obtained from some other source that is more convenient, less burdensome, or less expensive."

Topic No. 71 encompasses "[a]ll facts regarding any efficient infringement policy." Uniloc's notice failed to define "efficient infringement." During the meet and confer, Uniloc suggested that "efficient infringement" is akin to an efficient breach of contract, without explaining why or how such information is relevant to any issue in the cases. It is not.

### C. Amount Of Time For Depositions

Google will offer up to 7 hours for any witness testifying in a single case. For witnesses designated across multiple cases, Google proposes as follows: (i) Jim Maccoun – designated in all cases on topics for prior notice, produced licenses, and general licensing practices – is available for 14 hours total; (ii) Jason Grimm – designated on topics for financial information in the 492, 497, and 502 cases – is available for 7 hours total (more than 2 hours per case); and (iii) Nick Yoswa and Abhijit Ravi – designated on topics for financial information and marketing of the accused Pixel devices – are each available for 7 hours total.

### IV. CONCLUSION

Google respectfully requests that the Court issue a Protective Order.

Dated: April 15, 2020								Respectfully submitted by:

*/s/ Tharan G. Lanier, with permission by Michael E. Jones*
Michael C. Hendershot
Tharan G. Lanier
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Tel: (650) 739-3940
Fax: (650) 739-3900
mhendershot@jonesday.com
tglanier@jonesday.com

Tracy A. Stitt
tastitt@jonesday.com
JONES DAY
51 Louisiana Avenue NW
Washington, DC 20001
Telephone: (202) 879-3641

Sanjiv P. Laud
JONES DAY
90 South Seventh Street
Suite 4950
Minneapolis, MN 55402
Telephone: (612) 217-8879
slaud@jonesday.com

John D. Kinton (Calif. State Bar No. 203250)
JONES DAY
4655 Executive Drive
Suite 1500
San Diego, CA 92121
Telephone: 858.314.1190
Facsimile: 844.345.3178
Email: jkinton@jonesday.com

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
E. Glenn Thames, Jr.
State Bar No.00785097
glennthames@potterminton.com
Patrick C. Clutter
State Bar No. 24036374
patrickclutter@potterminton.com

9

POTTER MINTON, P.C.
110 N. College Ave., Suite 500
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

**Attorneys for Defendants Google LLC
<u>2:18-cv-499</u>**

*/s/ Robert Unikel, with permission by
Michael E. Jones*
Robert Unikel
Direct: 312-499-6030
robertunikel@paulhastings.com
Michelle Marek Figueiredo (IL Bar #6297112)
michellemarek@paulhastings.com
Matthew Richard Lind (IL Bar #6327241)
mattlind@paulhastings.com
John A. Cotiguala (IL Bar #6311056)
johncotiguala@paulhastings.com
PAUL HASTINGS LLP
71 South Wacker Dr., 45th Floor
Chicago, IL 60606
Main: 312-499-6000
Facsimile: (312) 499-6100

Elizabeth Louise Brann (CA Bar #222873)
elizabethbrann@paulhastings.com
Ariell Nicole Bratton (CA Bar #317587)
ariellbratton@paulhastings.com
PAUL HASTINGS LLP
4747 Executive Drive, 12th Floor
San Diego, CA 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005

Robert Laurenzi (NY Bar #3024676)
robertlaurenzi@paulhastings.com
PAUL HASTINGS LLP
200 Park Avenue, 26th Floor
New York, NY 10166
Telephone: (212) 318-6000
Facsimile: (212) 318-6100

Michael E. Jones
State Bar No. 10929400

mikejones@potterminton.com
E. Glenn Thames, Jr.
State Bar No.00785097
glennthames@potterminton.com
Patrick C. Clutter
State Bar No. 24036374
patrickclutter@potterminton.com
POTTER MINTON, P.C.
110 N. College Ave., Suite 500
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

**Attorneys for Defendants Google LLC**
**2:18-cv-491**
**2:18-cv-492**
**2:18-cv-497**

*/s/ Tharan G. Lanier, with permission by Michael E. Jones*
Michael C. Hendershot
Tharan G. Lanier
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Tel: (650) 739-3940
Fax: (650) 739-3900
mhendershot@jonesday.com
tglanier@jonesday.com

Sasha Mayergoyz
smayergoyz@jonesday.com
JONES DAY
77 W. Wacker Drive
Chicago, IL 60601
Telephone: (312) 782-3939

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
E. Glenn Thames, Jr.
State Bar No.00785097
glennthames@potterminton.com
Patrick C. Clutter
State Bar No. 24036374

patrickclutter@potterminton.com
POTTER MINTON, P.C.
110 N. College Ave., Suite 500
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

**Attorneys for Defendants Google LLC
2:18-cv-493**


*/s/ Michael E. Berta, with permission
by Michael E. Jones*
Michael A. Berta
(California Bar No. 194650)
Michael.berta@arnoldporter.com
Arnold & Porter
10th Floor
Three Embarcadero Center
San Francisco, CA 94111-4024
Tel: 415-471-3100
Fax: 415-471-3400

David Caine (California Bar No. 218074)
David.Caine@arnoldporter.com
Telephone: (650) 319-4710
Bonnie Phan (California Bar No. 305574)
Bonnie.Phan@arnoldporter.com
Telephone: (650) 319-4543
Michael Nguyen
michael.nguyen@arnoldporter.com
Tel: (650) 319-4718
ARNOLD & PORTER KAYE SCHOLER LLP
3000 El Camino Real
Five Palo Alto Square, Suite 500
Palo Alto, CA 94306-3807

Nicholas Lee (California Bar No. 259588)
Nicholas.Lee@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street
44th Floor
Los Angeles, CA 90017-5844
Telephone: (213) 243-4156

Nicholas Nyemah (DC Bar No. 1005926)
Nicholas.Nyemah@arnoldporter.com
Telephone: (202) 942-6681
Paul Margulies (DC Bar No. 1000297)
Paul.Margulies@arnoldporter.com
Telephone: (202) 942-6990
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001-3743

Mark Samartino (Illinois No. 6313889)
Mark.Samartino@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
70 West Madison Street
Suite 4200
Chicago, IL 60602-4321
Telephone: (312) 583-2437

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
E. Glenn Thames, Jr.
State Bar No.00785097
glennthames@potterminton.com
Patrick C. Clutter
State Bar No. 24036374
patrickclutter@potterminton.com
POTTER MINTON, P.C.
110 N. College Ave., Suite 500
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

**Attorneys for Defendant Google LLC**
**2:18-cv-496**
**2:18-cv-503**
**2:18-cv-504**


/s/ *Joseph Drayton, with permission*
*by Michael E. Jones*
Joseph Drayton
NY Bar No. 2875318
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157

13

Tel:  212-479-6275
Fax:  212-479-6275
Email:  jdrayton@cooley.com

Priya B. Viswanath
CA Bar No. 238089
COOLEY LLP
3175 Hanover Street
Palo Alto, CA  94304-1130
Tel:  650-843-5000
Fax:  650-849-7400
Email:  pviswanath@cooley.com

Rose S. Whelan
DC Bar No. 999367
Elizabeth Cannon Shrieves
VA Bar No. 93768
Naina Soni
DC Bar No. 888219022
COOLEY LLP
1299 Pennsylvania Avenue NW
Suite 700
Washington DC  20004-2400
Tel:  202-842-7800
Fax:  202-842-7899
rwhelan@cooley.com
eshrieves@cooley.com
nsoni@cooley.com

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
E. Glenn Thames, Jr.
State Bar No.00785097
glennthames@potterminton.com
Patrick C. Clutter
State Bar No. 24036374
patrickclutter@potterminton.com
POTTER MINTON, P.C.
110 N. College Ave., Suite 500
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

**Attorneys for Defendants Google LLC**
**2:18-cv-502**

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rules CV-7(h) and (i), counsel for the Defendant met and conferred with counsel for the Plaintiff on April 10 and 13, 2020 in a good faith attempt to resolve the matters raised by this motion. No agreement could be reached. Plaintiff indicated it opposes the relief requested by this motion. Thus, these discussions have conclusively ended in an impasse and leave an open issue for the Court to resolve.

*/s/ Michael E. Jones*
Michael E. Jones

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on April 15, 2020. I also hereby certify that all counsel of record who have consented to electronic service are being served with a notice of filing of this document, under seal, pursuant to L.R. CV-5(a)(7) on April 15, 2020.

*/s/ Michael E. Jones*
Michael E. Jones

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and all supporting declarations and exhibits thereto are being filed under seal pursuant to the terms of the Protective Order on file in this case.

*/s/ Michael E. Jones*
Michael E. Jones
