# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

UNILOC 2017 LLC

Plaintiffs,

v.

GOOGLE LLC,

Defendant.

Civil Action No. 2:18-cv-00493-JRG

**JURY TRIAL DEMANDED**

## DEFENDANT GOOGLE LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S OMNIBUS RULE 30(b)(6) NOTICE OF ORAL AND VIDEOTAPED DEPOSITION OF GOOGLE LLC

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, Defendant Google LLC ("Google") hereby objects and responds to Plaintiff Uniloc 2017 LLC's Omnibus Rule 30(b)(6) Notice of Oral and Videotaped Deposition of Google LLC (the "Notice of Deposition") as follows:

### GENERAL OBJECTIONS

The following general objections are incorporated by reference into each of the specific objections and responses set forth below.  By responding to any of the topics or failing to specifically refer to or specify any particular general objection in response to a particular topic, Google does not waive any of these general objections, nor admit or concede to the appropriateness of any purported topic or any assumptions contained therein.  Without regard to objections made or not made in these General Objections, Google reserves the right to make any appropriate objection at any future deposition taken in this matter.

1. Google objects to the Notice of Deposition and the topics therein as unduly burdensome and harassing to the extent they purport to impose burdens, requirements and/or obligations that exceed or differ from those permitted by the Federal Rules of Civil Procedure, the Local Rules of the Eastern District of Texas, the Amended Docket Control Order, the Discovery Order (Dkt. No. 37), the Protective Order (Dkt. No. 45), and/or any other applicable order, statute, or procedure.

2. Google objects to the Notice of Deposition and the topics therein to the extent they lack sufficient particularity and/or are vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, and/or harassing.

3. Google objects to the Notice of Deposition and the topics therein to the extent they call for testimony that is neither relevant nor proportional to the needs of the case considering the minimal benefit of the requested information to any party's claims and defenses in this litigation versus the substantial costs of identifying and providing the information.

4. Google objects to the Notice of Deposition and the topics therein to the extent they are improperly duplicative and/or cumulative of other discovery.

5. Google objects to the Notice of Deposition and the topics therein to the extent they call for legal conclusions.  Google witnesses will testify only as to properly discoverable facts.

6. Google objects to the Notice of Deposition and the topics therein as premature to the extent they seek information that is likely to be the subject of expert testimony prior to the time set by the Court for expert witness discovery, and to the extent they seek expert discovery from fact witnesses.  Google witnesses will testify only as to properly discoverable facts.

7.  Google objects to the Notice of Deposition and the topics therein the extent that they seek information related to extraterritorial activities that fall outside the scope of 35 U.S.C. § 271.  Google witnesses will testify only with respect to activities attributable to the United States market.

8.  Google objects to the Notice of Deposition and the topics therein to the extent they call for information relating to alleged infringement prior to the six year time period set forth in 35 U.S.C. § 286.

9.  Google objects to the Notice of Deposition and the topics therein as unnecessary, unduly burdensome, and oppressive, to the extent that they seek information that: (i) is not within its possession, custody, or control; (ii) is already available to Uniloc; and/or (iii) is available from public, court, or agency records, or otherwise in the public domain and accessible to all parties.

10.  Google objects to the Notice of Deposition and the topics therein to the extent that they seek information protected from disclosure by the attorney-client privilege, the common interest privilege, the joint defense privilege, the work-product doctrine, Federal Rule of Civil Procedure 26(d)(4), or any other claim of privilege, law or rule ("Privileged Information"). Google will not disclose Privileged Information in response to the Notice of Deposition, and any undertaking to respond to the Notice of Deposition, including designation of persons for deposition testimony to be taken, should be understood to exclude Privileged Information.  By providing a witness for any particular Deposition Topic, Google does not intend to, nor does it, waive any applicable privilege.

11.  Google's investigation and discovery in this action is ongoing and it has not completed its preparation for trial. Uniloc's document productions, interrogatory responses, and

infringement contentions in this action remain deficient and incomplete. Accordingly, all responses and objections are based only on such information as is presently available and specifically known to Google.  All responses and objections are provided without prejudice to Google's right to present further information not yet obtained, and to amend, change, and/or supplement its responses and objections.

12. Google objects to the Notice of Deposition and the topics therein to the extent that they purport to require disclosure of information which Google is required to maintain in confidence pursuant to an agreement or understanding with any third party ("Third Party Confidential Information").

13. Google objects to the Notice of Deposition and the topics therein as unduly burdensome to the extent that they seek information and materials not kept in the ordinary course of business.

14. Google objects to the Notice of Deposition and the topics therein to the extent that they seek discovery for systems, products, or services Uniloc failed to timely accuse or sufficiently chart in its Local Patent Rule 3-1 disclosures.

15. Google objects to the definitions of "You," "Your," "Yourself," and "Google" as overbroad, unduly burdensome, and vague, including, but not limited to, the extent that they include any former, present, or future Google officer, employee, agent, consultant, representative, successor, assign, or any other person acting on behalf of Google LLC and to the extent they purport to include persons or entities that are not parties to this action. Google's responses herein are on behalf of Google LLC.

16. Google objects to the definition of "Accused Instrumentalities" as overbroad, unduly burdensome, and vague, including, but not limited to, the extent to which the definition

extends to products or features not sufficiently specified and/or identified in Uniloc's

Patent Local Rule 3-1 disclosures and to the extent it purports to include "all reasonably

similar products systems, and instrumentalities."

17.  Google objects to the definition of "Source Code Control System" as vague and

ambiguous to the extent it includes the phrase "to prevent it from being altered by more

than one person at a time."

18. Google objects to the definition of "Version," to the extent Uniloc contends that

"Version" encompasses every change to source code or each change that results in a

change to the major or minor version number of any particular source code or software,

as not appropriately limited in time or scope, vague and ambiguous, overly broad, unduly

burdensome, oppressive, and not proportional to the needs of the case.

19. Nothing in Google's responses herein should be construed as waiving rights or objections

that might otherwise be available, nor should the responses to any of these topics be

deemed an admission of relevancy, materiality, or admissibility in evidence of the topic

or the response thereto.

Subject to the foregoing, Google responds and objects to the Notice of Deposition and the

topics therein as follows:

## RESPONSES TO 30(b)(6) TOPICS

**Deposition Topic No. 1:**

The identity and operation of all Accused Instrumentalities (and all versions thereof),

including but not limited to those made the subject of Plaintiff's Infringement Contentions, that

are (or have been) (i) made, used, sold, offered for sale, or imported into the United States by (or

for) Defendant since the issuance of the Patent-in-Suit and/or (ii) otherwise utilized in, or with,

any product(s) made, used, sold, offered for sale, or imported into the United States by (or for) Defendant since the issuance of the Patent-in-Suit.

**<u>Response to Deposition Topic No. 1:</u>**

Google objects to this topic as overly broad, vague, ambiguous, unduly burdensome and not proportional to the needs of the case. Google further objects to the phrase "the identity and operation of all Accused Instrumentalities (and versions thereof) including but not limited to those made the subject of Plaintiff's Infringement Contentions" as vague and ambiguous. Google also objects to the phrase "otherwise utilized in, or with, any product(s)" as overbroad, unduly burdensome, and vague to the extent it attempts to extend to products or features not sufficiently specified and/or identified in Uniloc's Patent Local Rule 3-1 disclosures. Google further objects to this topic on the grounds that it does not describe with reasonable particularity the matters on which examination is requested. Google further objects to this topic as overly broad and not properly limited to the accused features that Uniloc charted in its Patent Local Rule 3-1 disclosures. Google will only provide information with respect to features specifically charted in Uniloc's Local Patent Rule 3-1 disclosures. Google further objects to this topic as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it calls for information regarding "all versions" of "all Accused Instrumentality" without regard to whether there are any material differences among such versions in features or functionalities that have been accused of infringement in this case. Google further objects to this topic to the extent that it seeks information related to extraterritorial activities that fall outside the scope of 35 U.S.C. § 271. Google further objects to this topic to the extent it calls for information relating to alleged infringement prior to the six year time period set forth in 35 U.S.C. § 286.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google will designate one or more witnesses to testify regarding the technical operation of the specific accused ███████████████████████████████ charted in Uniloc's Local Patent Rule 3-1 disclosures.  To the extent Uniloc contends that this topic properly encompasses any additional discoverable information, Google is willing to meet and confer with Uniloc on a timely basis regarding the proper scope of this topic.

**Deposition Topic No. 2:**

Defendant's knowledge of the Patent-in-Suit, including the date, circumstances, and person(s) or mechanism(s) through which Defendant first learned of the Patent-in-Suit.

**Response to Deposition Topic No. 2:**

Google objects to this topic to the extent it seeks information already in Uniloc's possession, custody or control.  Google further objects to this topic to the extent it seeks Privileged Information protected at least by the attorney client privilege, common interest privilege, and/or attorney work product doctrine.  Google also objects to this topic to the extent the phrase "Defendant's knowledge of the Patent-in-Suit" is overly broad and not limited in time.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google will designate one or more witnesses to testify regarding Google's knowledge of the Patent-in-Suit on or before the filing of the Complaint.

**Deposition Topic No. 3:**

Defendant's Document collection and production efforts in this case, including Documents collected and produced pursuant paragraph 2(b) of the Discovery Order.

**Response to Deposition Topic No. 3:**

Google objects to this topic to the extent it seeks information that is properly the subject of expert testimony, opinions, and/or reports given that Paragraph 2(b) of the Discovery Order relates to the disclosure of expert testimony.  Google will only designate witnesses to testify as to properly discoverable facts.  Google further objects to this request as vague and ambiguous with respect to the term "efforts."  Google further objects to this request as vague, overly broad, unduly burdensome and oppressive to the extent it relates to the details of all "document collection and production efforts in this case."  Google further objects to this topic to the extent it seeks Privileged Information protected at least by the attorney client privilege, common interest privilege, and/or attorney work product doctrine.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google is willing to confer with Uniloc in an effort to understand the purpose of this topic and to determine if the parties can agree on a proper scope for this topic.

**Deposition Topic No. 4:**

The identity, organization and structure of any division, department, group or subdivision (formal or informal) of Defendant from which Defendant has collected and produced Documents in this case.

**Response to Deposition Topic No. 4:**

Google objects to the phrases "organization and structure" and "any division, department, group or subdivision (formal or informal)" as overly broad, vague, ambiguous, unduly burdensome, oppressive, and not proportional to the needs of the case. Google further objects to this topic to the extent it is improperly duplicative and/or cumulative of Topic No. 3.  Google

further objects to this topic to the extent it seeks Privileged Information protected at least by the attorney client privilege, common interest privilege, and/or attorney work product doctrine.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google is willing to confer with Uniloc in an effort to understand the purpose of this topic and to determine if the parties can agree on a proper scope for this topic.

**Deposition Topic No. 5:**

The methods, processes and procedures employed by Defendant to search for, identify and produce Documents (including documents in electronic format) in this case.

**Response to Deposition Topic No. 5:**

Google objects to the phrases "methods, processes and procedures employed" and "produce Documents (including documents in electronic format)" as vague and ambiguous. Google further objects to this topic to the extent it seeks Privileged Information protected at least by the attorney client privilege, common interest privilege, and/or attorney work product doctrine.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google is willing to confer with Uniloc in an effort to understand the purpose of this topic and to determine if the parties can agree on a proper scope for this topic.

**Deposition Topic No. 6:**

The methods, processes and procedures employed by Defendant to search for and identify individuals named in Defendant's disclosures under Federal Rule of Civil Procedure 26(a)(1) and paragraph 1 of the Discovery Order.

**Response to Deposition Topic No. 6:**

Google objects to the phrase "methods, processes and procedures employed" as vague and ambiguous.  Google further objects to this topic to the extent it seeks Privileged Information protected at least by the attorney client privilege, common interest privilege, and/or attorney work product doctrine.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google is willing to confer with Uniloc in an effort to understand the purpose of this topic and to determine if the parties can agree on a proper scope for this topic.

**Deposition Topic No. 7:**

Defendant's answers to Plaintiff's interrogatories served on Defendant in this case, including the content and subject matter of Documents identified and/or relied upon by Defendant in its answers.

**Response to Deposition Topic No. 7:**

Google objects to this topic to the extent it seeks Privileged Information protected at least by the attorney client privilege, common interest privilege, and/or attorney work product doctrine.  Google further objects to this topic to the extent it seeks information already in Uniloc's possession, custody, or control.  Google further objects to the phrase "including the content and subject matter of Documents identified" as overly broad, unduly burdensome, and not proportional to the needs of the case.  Google further objects to the phrase "relied upon by Defendant" as overbroad, vague, ambiguous, and to the extent it calls for Privileged Information. Google further objects to this topic as overly broad and unduly burdensome to the extent it

requests, or calls for the recitation of, information readily apparent from the documents Google identified in its interrogatory responses.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google will designate one or more witnesses to testify regarding the facts set forth in Google's interrogatory responses.  To the extent Uniloc contends that this topic properly encompasses any additional discoverable information, Google is willing to meet and confer with Uniloc on a timely basis regarding the proper scope of this topic.

**Deposition Topic No. 8:**

Defendant's policies, procedures, practices and actual conduct regarding the creation, distribution, retention and destruction of Documents.

**Response to Deposition Topic No. 8:**

Google objects to this topic as overly broad, vague, ambiguous, unduly burdensome and not proportional to the needs of the case.  Google further objects to the phrase "the creation, distribution … of Documents" as vague and overly broad and to the extent it is not relevant to any claims or defenses in this case.  Google further objects to this topic to the extent it seeks Privileged Information protected at least by the attorney client privilege, common interest privilege, and/or attorney work product doctrine.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google is willing to confer with Uniloc in an effort to understand the purpose of this topic and to determine if the parties can agree on a proper scope for this topic.

**Deposition Topic No. 9:**

The identification of Documents that Defendant has not been able to produce in this case (e.g., Documents responsive to P.R. 3-4(a) or paragraph 2(b) of the Discovery Order) because they have been deleted, physically destroyed, corrupted, damaged, lost, overwritten, or otherwise disposed of or stolen.

**Response to Deposition Topic No. 9:**

Google objects to this topic as overly broad, vague, ambiguous, unduly burdensome and not proportional to the needs of the case. Google further objects to this topic to the extent it seeks information that is properly the subject of expert testimony, opinions, and/or reports because Paragraph 2(b) of the Discovery Order relates to the disclosure of expert testimony. Google further objects to the phrase "has not been able to produce in this case (e.g., Documents responsive to P.R. 3-4(a)" as overly broad and unduly burdensome. Google further states that Local Patent Rule 3-4(a) requires the production and availability of "documentation *sufficient* to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its P. R. 3-1(c) chart." Google has met its discovery obligations and complied with this rule. Local Patent Rule 3-4(a) does not require the production or identification of every possible responsive document, let alone those that do not exist.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google is willing to confer with Uniloc in an effort to understand the purpose of this topic and to determine if the parties can agree on a proper scope for this topic.

**Deposition Topic No. 10:**

Efforts made or steps taken by Defendant to design around or otherwise avoid infringement of the Patent-in-Suit.

**Response to Deposition Topic No. 10:**

Google objects to the phrases "[e]fforts made or steps taken" and "design around or otherwise avoid infringement" as vague and overly broad.  Google further objects to this topic to the extent it seeks Privileged Information protected at least by the attorney client privilege, common interest privilege, and/or attorney work product doctrine.  Google further objects to this topic to the extent it seeks information that is properly the subject of expert testimony, opinions, and/or reports regarding non-infringement of the Patent-in-Suit.  Google maintains that the accused products do not and have never infringed and is providing one or more witnesses on Topics Nos. 1, 16-17, 57-58, and 60.  Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google will designate one or more witnesses to testify regarding the factual basis surrounding any design around efforts, if any.

**Deposition Topic No. 11:**

Changes made to the design or operation of The Accused Instrumentalities.

**Response to Deposition Topic No. 11:**

Google objects to this topic as overly broad, vague, ambiguous, unduly burdensome and not proportional to the needs of the case.  Google further objects to the phrase "[c]hanges made to the design or operation" as vague and ambiguous and not properly limited in time or scope.  Google further objects to this topic on the grounds that it does not describe with reasonable particularity the matters on which examination is requested.  Google further objects to this topic as overly broad and not properly limited to the features Uniloc charted in its Local Patent Rule 3-1 disclosures.  Google will only provide information with respect to features specifically charted

in Uniloc's Local Patent Rule 3-1 disclosures.  Google further objects to this topic to the extent it is improperly duplicative and/or cumulative of Topic No. 14.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google will designate one or more witnesses to testify regarding the technical operation of the ███████████████████████████████████████████ charted in Uniloc's Local Patent Rule 3-1 disclosures.  To the extent Uniloc contends that this topic properly encompasses any additional discoverable information, Google is willing to meet and confer with Uniloc on a timely basis regarding the proper scope of this topic.

**Deposition Topic No. 12:**

The software of each Accused Instrumentalities, including but not limited to the design, development, structure, operation, and use of such software, how the software is archived, Version and/or Source Code Control System used for organizing the software, who developed the software, third party products used to develop the software, and development environments used in creating the software.

**Response to Deposition Topic No. 12:**

Google objects to this topic as overly broad, vague, ambiguous, unduly burdensome and not proportional to the needs of the case.  Google further objects to the phrases "design, development, structure, operation, and use of such software" and " development environments used in creating the software" as overly broad, vague, ambiguous, and unduly burdensome. Google further objects to this topic as overly broad and not properly limited to the accused features Uniloc charted in its Patent Local Rule 3-1 disclosures.  Google will only provide information with respect to features specifically charted in Uniloc's Local Patent Rule 3-1

disclosures.  Google further objects to this topic to the extent it is improperly duplicative and/or cumulative of Topic Nos. 13, 16 and 17.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google will designate one or more witnesses to testify regarding the design and functionality of the ███████████████████████████████████████████████ charted in Uniloc's Local Patent Rule 3-1 disclosures.  To the extent Uniloc contends that this topic properly encompasses any additional discoverable information, Google is willing to meet and confer with Uniloc on a timely basis regarding the proper scope of this topic.

**Deposition Topic No. 13:**

The design, development, organization, and functionality of the source code produced by Defendant in this litigation.

**Response to Deposition Topic No. 13:**

Google objects to this topic as overly broad, vague, ambiguous, oppressive, unduly burdensome and not proportional to the needs of the case.  Google has made the source code available for Uniloc's inspection in this case – the source code's "organization, and functionality" can be determined from reviewing the code itself.  Google further objects to this topic to the extent it is improperly duplicative and/or cumulative of Topic Nos. 12, 16 and 17.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google will designate one or more witnesses to testify regarding the relevant source code that Google has made available for inspection in this litigation for the ████████████████

████ ████████████████████████████ charted in Uniloc's Local Patent Rule 3-1

disclosures.

**Deposition Topic No. 14:**

The operational and design differences among versions of the Accused Instrumentalities.

**Response to Deposition Topic No. 14:**

Google objects to this topic as overly broad, vague, ambiguous, oppressive, unduly

burdensome, not proportional to the needs of the case, and not properly limited in time.  Google

further objects to the phrase "operational and design differences" as vague and ambiguous.

Google further objects to this topic in view of Uniloc's broad definition of "versions."  Google

also objects to this topic to the extent that it requests information about the Accused

Instrumentalities that is not tied to the functionalities accused of infringement.  Google further

objects to this topic to the extent it is improperly duplicative and/or cumulative Topic No. 11.

Subject to and without waiving the foregoing objections, and to the extent it understands

this topic, Google responds as follows:

Google is willing to confer with Uniloc in an effort to understand the purpose of this

topic and to determine if the parties can agree on a proper scope for this topic.

**Deposition Topic No. 15:**

The flow or process of the Accused Instrumentalities as experienced by end users.

**Response to Deposition Topic No. 15:**

Google objects to this topic as overly broad, vague, ambiguous, unduly burdensome and

not proportional to the needs of the case.  Google further objects to the phrase "flow or process…

as experienced by end users" as vague and ambiguous.  Google further objects to this topic as

overly broad and not properly limited to the accused features Uniloc charted in its Local Patent

Rule 3-1 disclosures and to the extent that it requests information about the Accused Instrumentalities that is not tied to the functionalities accused of infringement.  Google further objects to this topic on the grounds that it does not describe with reasonable particularity the matters on which examination is requested.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google is willing to confer with Uniloc in an effort to understand the purpose of this topic and to determine if the parties can agree on a proper scope for this topic.

**Deposition Topic No. 16:**

The identification, description, code packages (modules, classes, etc.), and purpose of all algorithms used, executed, or otherwise implemented by the Accused Instrumentalities.

**Response to Deposition Topic No. 16:**

Google objects to this topic as overly broad, vague, ambiguous, unduly burdensome and not proportional to the needs of the case. Google further objects to the phrase "description, code packages (modules, classes, etc.) and purpose of all algorithms used, executed, or otherwise implemented" as vague, ambiguous, unduly burdensome and not proportional to the needs of the case.  Google also objects to this topic as overly broad and not properly limited to the accused features Uniloc charted in its Local Patent Rule 3-1 disclosures and to the extent that it requests information about the Accused Instrumentalities that is not tied to the functionalities accused of infringement. Google further objects to this topic on the grounds that it does not describe with reasonable particularity the matters on which examination is requested.  Google further objects to this topic to the extent it is improperly duplicative and/or cumulative of Topic Nos. 12, 13 and 17.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google will designate one or more witnesses to testify regarding the relevant source code that Google has made available for inspection in this litigation for the specific ███████████ ███████████████████████████████████████ charted in Uniloc's Local Patent Rule 3-1 disclosures.  To the extent Uniloc contends that this topic properly encompasses any additional discoverable information, Google is willing to meet and confer with Uniloc on a timely basis regarding the proper scope of this topic.

**Deposition Topic No. 17:**

The design, development, structure, operation, implementation, and use of each of the Accused Instrumentalities.

**Response to Deposition Topic No. 17:**

Google objects to this topic as overly broad, vague, ambiguous, unduly burdensome and not proportional to the needs of the case.  Google further objects to the phrase "design, development, structure, operation, implementation, and use" as vague, ambiguous, unduly burdensome, and not proportional to the needs of the case. Google also objects to this topic as overly broad and not properly limited to the accused features Uniloc charted in its Local Patent Rule 3-1 disclosures and to the extent that it requests information about the Accused Instrumentalities that is not tied to the functionalities accused of infringement.  Google further objects to this topic on the grounds that it does not describe with reasonable particularity the matters on which examination is requested.  Google further objects to this topic to the extent it is improperly duplicative and/or cumulative of Topic Nos. 12, 13 and 16.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google will designate one or more witnesses to testify regarding the technical operation of the specific ███████████████████████████████████████ charted in Uniloc's Local Patent Rule 3-1 disclosures.  To the extent Uniloc contends that this topic properly encompasses any additional discoverable information, Google is willing to meet and confer with Uniloc on a timely basis regarding the proper scope of this topic.

**Deposition Topic No. 18:**

User interfaces for, or relating to, the Accused Instrumentalities.

**Response to Deposition Topic No. 18:**

Google objects to this topic as overly broad, vague, ambiguous, unduly burdensome and not proportional to the needs of the case.  Google further objects to the phrase "[u]ser interfaces for" as vague and ambiguous.  Google further objects to the phrase "or relating to" as vague, overly broad, unduly burdensome and not proportional to the needs of the case.  Google also objects to this topic as overly broad and not properly limited to the accused features Uniloc charted in its Local Patent Rule 3-1 disclosures and to the extent that it requests information about the Accused Instrumentalities that is not tied to the functionalities accused of infringement. Google further objects to this topic to the extent it is improperly duplicative and/or cumulative of Topic No. 15.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google will designate one or more witnesses to testify regarding the user interfaces for the specific accused features of the ███████████████████████████████ in Uniloc's

Local Patent Rule 3-1 disclosures.  To the extent Uniloc contends that this topic properly

encompasses any additional discoverable information, Google is willing to meet and confer with

Uniloc on a timely basis regarding the proper scope of this topic.

**Deposition Topic No. 19:**

Manuals, user guides, and other instructional information and resources provided or made

available to Defendant's customers or end users relating to the Accused Instrumentalities.

**Response to Deposition Topic No. 19:**

Google objects to this topic as overly broad, vague, ambiguous, unduly burdensome, and

not proportional to the needs of the case.  Google further objects to the phrase "other

instructional information and resources provided or made available" as vague and ambiguous.

Google further objects to this topic to the extent it seeks information already available to Uniloc

or otherwise Uniloc's possession, custody or control.  Google also objects to this topic to the

extent it seeks information not in Google's possession, custody or control.  Google further

objects to this topic on the grounds that it does not describe with reasonable particularity the

matters on which examination is requested.  Google also objects to this topic as overly broad and

not properly limited to the accused features Uniloc charted in its Local Patent Rule 3-1

disclosures and to the extent that it requests information about the Accused Instrumentalities that

is not tied to the functionalities accused of infringement.  Subject to and without waiving the

foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google will designate one or more witnesses to testify on this topic.

**Deposition Topic No. 20:**

The defenses asserted in this case by Defendant, including but not limited to:

      a.    Defendant's basis(es) for denying infringement of the Patent-in-Suit;

b.      Defendant's basis(es) for alleging invalidity of the Patent-in-Suit;

c.      Defendant's basis(es) for alleging unenforceability of the Patent-in-Suit

**Response to Deposition Topic No. 20:**

Google objects to this topic to the extent it calls for a corporate representative to provide or justify legal conclusions.  Google further objects to this topic to the extent it seeks information that is properly the subject of expert testimony, opinions, and/or reports.  Google further objects to this topic on the grounds that it does not describe with reasonable particularity the matters on which examination is requested.  Google further objects to this topic to the extent it seeks Privileged Information protected at least by the attorney client privilege, common interest privilege, and/or attorney work product doctrine.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google is willing to confer with Uniloc in an effort to understand the purpose of this topic, including how the scope of any underlying factual testimony differs from other topics, and to determine if the parties can agree on a proper scope for this topic.

**Deposition Topic No. 21:**

The identification of all Documents considered by Defendant in connection with any opinion concerning the Patent-in-Suit, including, but not limited to, the validity, enforceability, and infringement of the Patent-in-Suit.

**Response to Deposition Topic No. 21:**

Google objects to this topic as overly broad, vague, ambiguous, unduly burdensome and not proportional to the needs of the case.  Google further objects to this topic to the extent it seeks Privileged Information protected at least by the attorney client privilege, common interest

21

privilege, and/or attorney work product doctrine.  Google further objects to this topic to the

extent it seeks information not in Google's possession, custody, or control.  Google further

objects to this topic to the extent it seeks information that is properly the subject of expert

testimony, opinions, and/or reports. Google objects to this topic to the extent it seeks information

already available to Uniloc or otherwise Uniloc's possession, custody, or control including

Google's invalidity and non-infringement contentions.

Subject to and without waiving the foregoing objections, and to the extent it understands

this topic, Google responds as follows:

Google is willing to confer with Uniloc in an effort to understand the purpose of this

topic and to determine if the parties can agree on a proper scope for this topic.

**Deposition Topic No. 22:**

Defendant's policies and practices related to obtaining and protecting its intellectual

property.

**Response to Deposition Topic No. 22:**

Google objects to this topic as overly broad, vague, ambiguous, unduly burdensome and

not proportional to the needs of the case.  Google further objects to this topic as irrelevant and

not proportional to the needs of the case.  Google further objects to the phrase "its intellectual

property" as overly broad and not proportional to the needs of the case.  Google further objects to

the term "related to obtaining and protecting" as vague and ambiguous.  Google further objects

to this topic on the grounds that it does not describe with reasonable particularity the matters on

which examination is requested.  Google further objects to this topic to the extent it seeks

Privileged Information protected at least by the attorney client privilege, common interest

privilege, and/or attorney work product doctrine.  Google further object to this topic as overly broad and not properly limited to the Accused Instrumentalities.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google will designate one or more witnesses to testify regarding Google's patent acquisition and licensing practices generally.  To the extent Uniloc contends that this topic properly encompasses any additional discoverable information, Google is willing to meet and confer with Uniloc on a timely basis regarding the proper scope of this topic.

**Deposition Topic No. 23:**

Defendant's policies and practices related to licensing intellectual property to, and from, others.

**Response to Deposition Topic No. 23:**

Google objects to this topic as overly broad, vague, ambiguous, unduly burdensome and not proportional to the needs of the case.  Google further objects to this topic on the grounds that it does not describe with reasonable particularity the matters on which examination is requested. Google further object to this topic as overly broad and not properly limited to the accused instrumentality.  Google further objects to this topic as overly broad and not properly limited to the accused features Uniloc charted in its Local Patent Rule 3-1 disclosures.  Google will only provide information with respect to features specifically charted in Uniloc's Local Patent Rule 3-1 disclosures.  Google further objects to this topic to the extent it seeks Privileged Information protected at least by the attorney client privilege, common interest privilege, and/or attorney work product doctrine.  Google further objects to this topic as irrelevant and not proportional to the needs of the case.  Google further objects to the phrase "intellectual property" as overly

broad and not proportional to the needs of the case.  Google further objects to this topic on the grounds that it does not describe with reasonable particularity the matters on which examination is requested.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google will designate one or more witnesses to testify regarding Google's patent licensing practices generally.  To the extent Uniloc contends that this topic properly encompasses any additional discoverable information, Google is willing to meet and confer with Uniloc on a timely basis regarding the proper scope of this topic.

**Deposition Topic No. 24:**

Licenses (including patent licenses) that Defendant has entered into relating to the Accused Instrumentalities.

**Response to Deposition Topic No. 24:**

Google objects to this topic to the extent it seeks information already in Uniloc's possession, custody or control.  Google further objects to the term "relating to the Accused Instrumentalities" as vague and ambiguous.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google will designate one or more witnesses to testify regarding Google's patent license and acquisition agreements produced in this litigation.  To the extent Uniloc contends that this topic properly encompasses any additional discoverable information, Google is willing to meet and confer with Uniloc on a timely basis regarding the proper scope of this topic.

**Deposition Topic No. 25:**

Royalties (including patent royalties) and/or license fees that Defendant has paid or is paying in connection with the Accused Instrumentalities.

**Response to Deposition Topic No. 25:**

Google objects to this topic to the extent it seeks information already in Uniloc's possession, custody or control.  Google further objects to the phrase "has paid or is paying in connection with the Accused Instrumentalities" as vague and ambiguous.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google will designate one or more witnesses to testify regarding Google's patent licenses produced in this litigation and the license fees or royalty rates therein, if any.  To the extent Uniloc contends that this topic properly encompasses any additional discoverable information, Google is willing to meet and confer with Uniloc on a timely basis regarding the proper scope of this topic.

**Deposition Topic No. 26:**

Royalties (including patent royalties) and/or license fees that Defendant has collected or received, or is collecting or receiving, in connection with the Accused Instrumentalities.

**Response to Deposition Topic No. 26:**

Google objects to this topic to the extent it seeks information already in Uniloc's possession, custody or control.  Google further objects to the term "in connection with the Accused Instrumentalities" as vague and ambiguous.  Google further objects to this topic as irrelevant and not proportional to the needs of the case.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google will designate one or more witnesses to testify regarding Google's patent licenses produced in this litigation and the license fees or royalty rates therein, if any.  To the extent Uniloc contends that this topic properly encompasses any additional discoverable information, Google is willing to meet and confer with Uniloc on a timely basis regarding the proper scope of this topic.

**Deposition Topic No. 27**:

All surveys (conducted by Defendant or conducted on behalf of Defendant) relating to the Accused Instrumentalities.

**Response to Deposition Topic No. 27:**

Google objects to this topic as overly broad, vague, ambiguous, unduly burdensome and not proportional to the needs of the case.  Google further objects to this topic on the grounds that it does not describe with reasonable particularity the matters on which examination is requested. The phrase "[a]ll surveys … relating to the Accused Instrumentalities" is overly broad, unduly burdensome, and not proportional to the needs of the case.  Google further objects to this topic as overly broad and not properly limited to the accused features Uniloc charted in its Local Patent Rule 3-1 disclosures.  Google further objects to this topic to the extent it is improperly duplicative and/or cumulative of other Topic Nos. 41-45, 50, and 51.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google will designate one or more witnesses to testify regarding marketing analyses produced by Google in this litigation, if any.  To the extent Uniloc contends that this topic properly encompasses any additional discoverable information, Google is willing to meet and confer with Uniloc on a timely basis regarding the proper scope of this topic.

**Deposition Topic No. 28:**

Sales of the Accused Instrumentalities and attendant sales data.

**Response to Deposition Topic No. 28:**

Google objects to this topic to the extent it seeks information already in Uniloc's possession, custody or control.  Google further objects to this topic to the extent it calls for information relating to alleged infringement prior to the six year time period set forth in 35 U.S.C. § 286.  Google further objects to this topic as duplicative of and readily obtainable from Google's interrogatory responses and/or document production.  Google further objects to this topic to the extent it seeks information that is not in Google's possession, custody, or control, including, for example, sales by parties other than Google. Google further objects to the term "attendant sales data" as vague and ambiguous.  Google also objects to this topic as vague as to the level of detail sought.  Google further objects to this topic as overly broad and not properly limited to the accused features Uniloc charted in its Local Patent Rule 3-1 disclosures.  Google will only provide information with respect to features specifically charted in Uniloc's Local Patent Rule 3-1 disclosures.  Google also objects to this topic to the extent it is improperly duplicative and/or cumulative of Topic Nos. 29 , 30, and 31.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google will designate one or more witnesses to testify regarding the financial information produced in this litigation for the ███████████████████████.  To the extent Uniloc contends that this topic properly encompasses any additional discoverable information, Google is willing to meet and confer with Uniloc on a timely basis regarding the proper scope of this topic.

**Deposition Topic No. 29:**

Sales of software incorporating the Accused Instrumentalities and attendant sales data.

**Response to Deposition Topic No. 29:**

Google objects to this topic to the extent it seeks information already in Uniloc's possession, custody or control.  Google further objects to this topic to the extent it calls for information relating to alleged infringement prior to the six year time period set forth in 35 U.S.C. § 286. Google also objects to this topic as duplicative of and readily obtainable from Google's interrogatory responses and/or document production.  Google also objects to this topic as duplicative of and readily obtainable from Google's interrogatory responses and/or document production. Google further objects to this topic as vague as to the level of detail sought.  Google further objects to the phrase "software incorporating the Accused Instrumentalities" as vague and ambiguous.  Google further objects to the term "attendant sales data" as vague and ambiguous. Google also objects to this topic to the extent it seeks information that is not in Google's possession, custody, or control, including, for example, sales by parties other than Google. Google further objects to this topic as overly broad and not properly limited to the accused features Uniloc charted in its Local Patent Rule 3-1 disclosures.  Google will only provide information with respect to features specifically charted in Uniloc's Local Patent Rule 3-1 disclosures.  Google further objects to this topic to the extent Google does not sell any software incorporating the Accused Instrumentalities, and thus does not have any sales or sales data about which to testify.  Google also objects to this topic to the extent it is improperly duplicative and/or cumulative of Topic Nos. 28, 30 and 31.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google will designate one or more witnesses to testify regarding the financial information produced in this litigation for the ███████████████████████████  To the extent Uniloc contends that this topic properly encompasses any additional discoverable information, Google is willing to meet and confer with Uniloc on a timely basis regarding the proper scope of this topic.

**Deposition Topic No. 30:**

Defendant's revenues and pre-tax income attendant to the Accused Instrumentalities and/or products/software titles incorporating or making use of the Accused Instrumentalities.

**Response to Deposition Topic No. 30:**

Google objects to this topic to the extent it seeks information already in Uniloc's possession, custody or control.  Google further objects to this topic to the extent it calls for information relating to alleged infringement prior to the six year time period set forth in 35 U.S.C. § 286.  Google also objects to this topic as duplicative of and readily obtainable from Google's interrogatory responses and/or document production.  Google further objects to this topic as vague as to the level of detail sought.  Google further objects to the phrases "pre-tax income attendant to the Accused Instrumentalities" and "products/software titles incorporating or making use" as vague and ambiguous.  Google further objects to this topic as overly broad and not properly limited to the accused features Uniloc charted in its Local Patent Rule 3-1 disclosures.  Google will only provide information with respect to features specifically charted in Uniloc's Local Patent Rule 3-1 disclosures.  Google also objects to this topic to the extent it is improperly duplicative and/or cumulative of Topic Nos. 28, 29 and 31.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google will designate one or more witnesses to testify regarding the financial information produced in this litigation for the ███████████████████████. To the extent Uniloc contends that this topic properly encompasses any additional discoverable information, Google is willing to meet and confer with Uniloc on a timely basis regarding the proper scope of this topic.

**Deposition Topic No. 31:**

Defendant's revenues derived from any method of providing the Accused Instrumentalities to its customers.

**Response to Deposition Topic No. 31:**

Google objects to this topic to the extent it seeks information already in Uniloc's possession, custody or control.  Google further objects to this topic to the extent it calls for information relating to alleged infringement prior to the six year time period set forth in 35 U.S.C. § 286.  Google also objects to this topic as duplicative of and readily obtainable from Google's interrogatory responses and/or document production.  Google further objects to this topic to the extent it seeks information that is not reasonably available to Google or is not maintained by Google during the ordinary course of business.  Google also objects to this topic as vague as to the level of detail sought.  Google further objects to the phrase "derived from any method of providing" as vague and ambiguous.  Google further objects to this topic as overly broad and not properly limited to the accused features Uniloc charted in its Local Patent Rule 3-1 disclosures. Google will only provide information with respect to features specifically charted in Uniloc's Local Patent Rule 3-1 disclosures.  Google also objects to this topic to the extent it is improperly duplicative and/or cumulative of Topic Nos. 28, 29 and 30.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google will designate one or more witnesses to testify regarding the financial information for the ████████████████████████████.  To the extent Uniloc contends that this topic properly encompasses any additional discoverable information, Google is willing to meet and confer with Uniloc on a timely basis regarding the proper scope of this topic.

**Deposition Topic No. 32:**

Operating costs and expenses relating to the Accused Instrumentalities.

**Response to Deposition Topic No. 32:**

Google objects to this topic to the extent it seeks information already in Uniloc's possession, custody or control.  Google further objects to this topic to the extent it calls for information relating to alleged infringement prior to the six year time period set forth in 35 U.S.C. § 286.  Google also objects to this topic as duplicative of and readily obtainable from Google's interrogatory responses and/or document production.  Google further objects to this topic as vague as to the level of detail sought. Google further objects to this topic as overly broad and not properly limited to the accused features Uniloc charted in its Local Patent Rule 3-1 disclosures.  Google further objects to the phrase "[o]perating costs and expenses" as vague and ambiguous.  Google will only provide information with respect to features specifically charted in Uniloc's Local Patent Rule 3-1 disclosures. Google further objects to this topic to the extent it is improperly duplicative and/or cumulative of Topic No. 33.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google will designate one or more witnesses to testify regarding the financial information produced in this litigation for the ██████████████████████████.  To the extent Uniloc contends that this topic properly encompasses any additional discoverable information, Google is willing to meet and confer with Uniloc on a timely basis regarding the proper scope of this topic.

**Deposition Topic No. 33:**

Research and development costs and expenses relating to the Accused Instrumentalities.

**Response to Deposition Topic No. 33:**

Google objects to this topic to the extent it seeks information already in Uniloc's possession, custody or control.  Google further objects to this topic to the extent it calls for information relating to alleged infringement prior to the six year time period set forth in 35 U.S.C. § 286.  Google also objects to this topic as duplicative of and readily obtainable from Google's interrogatory responses and/or document production. Google further objects to this topic as vague as to the level of detail sought.  Google further objects to this topic as overly broad and not properly limited to the accused features Uniloc charted in its Local Patent Rule 3-1 disclosures.  Google will only provide information with respect to features specifically charted in Uniloc's Local Patent Rule 3-1 disclosures.  Google further objects to this topic to the extent it is improperly duplicative and/or cumulative of Topic No. 32.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google will designate one or more witnesses to testify regarding the financial information produced in this litigation for the ██████████████████████████.  To the extent Uniloc contends that this topic properly encompasses any additional discoverable information,

Google is willing to meet and confer with Uniloc on a timely basis regarding the proper scope of this topic.

**<u>Deposition Topic No. 34:</u>**

Operating profits attendant to the Accused Instrumentalities and/or products/software titles incorporating or making use of the Accused Instrumentalities.

**<u>Response to Deposition Topic No. 34:</u>**

Google objects to this topic to the extent it seeks information already in Uniloc's possession, custody or control.  Google further objects to this topic to the extent it calls for information relating to alleged infringement prior to the six year time period set forth in 35 U.S.C. § 286. Google also objects to this topic as duplicative of and readily obtainable from Google's interrogatory responses and/or document production.  Google further objects to this topic as vague as to the level of detail sought.  Google further objects to the phrases "[o]perating profits attendant to the Accused Instrumentalities" and "products/software titles incorporating or making use" as vague and ambiguous.  Google further objects to this topic as overly broad and not properly limited to the accused features Uniloc charted in its Local Patent Rule 3-1 disclosures.  Google will only provide information with respect to features specifically charted in Uniloc's Local Patent Rule 3-1 disclosures.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google will designate one or more witnesses to testify regarding the financial information produced in this litigation for the ███████████████████████████  To the extent Uniloc contends that this topic properly encompasses any additional discoverable information,

Google is willing to meet and confer with Uniloc on a timely basis regarding the proper scope of this topic.

**Deposition Topic No. 35:**

Projections for sales and or use of the Accused Instrumentalities and/or products/software titles incorporating or making use of the Accused Instrumentalities.

**Response to Deposition Topic No. 35:**

Google objects to this topic as overly broad, vague, ambiguous, oppressive, unduly burdensome and not proportional to the needs of the case. Google further objects to the phrases "products/software titles incorporating or making use of the Accused Instrumentalities" and "[p]rojections for sales and or use" as vague and ambiguous. Google further objects to this topic to the extent Uniloc provided no time limit regarding "[p]rojections for sales and or use of the Accused Instrumentalities." Google also objects to this topic to the extent it seeks information that is not maintained by Google during the ordinary course of business. Google further objects to this topic as overly broad and not properly limited to the accused features Uniloc charted in its Local Patent Rule 3-1 disclosures. Google will only provide information with respect to features specifically charted in Uniloc's Local Patent Rule 3-1 disclosures. Google further objects to this topic on the grounds that it does not describe with reasonable particularity the matters on which examination is requested.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google is willing to confer with Uniloc in an effort to understand the purpose of this topic and to determine if the parties can agree on a proper scope for this topic.

**Deposition Topic No. 36:**

Cost savings and other benefits related or attendant to the Accused Instrumentalities.

**Response to Deposition Topic No. 36:**

Google objects to this topic as overly broad, vague, ambiguous, unduly burdensome and not proportional to the needs of the case.  Google further objects to the phrase "[c]ost savings and other benefits" as vague and ambiguous.  Google also objects to this topic to the extent it calls for information relating to alleged infringement prior to the six year time period set forth in 35 U.S.C. § 286.  Google further objects to this topic as vague as to the level of detail sought.  Google further objects to this topic as overly broad and not properly limited to the accused features Uniloc charted in its Local Patent Rule 3-1 disclosures.  Google will only provide information with respect to features specifically charted in Uniloc's Local Patent Rule 3-1 disclosures.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google will designate one or more witnesses to testify regarding the financial information produced in this litigation for the ███████████████████████  To the extent Uniloc contends that this topic properly encompasses any additional discoverable information, Google is willing to meet and confer with Uniloc on a timely basis regarding the proper scope of this topic.

**Deposition Topic No. 37:**

Defendant's return on investment in, or relative to, the Accused Instrumentalities.

**Response to Deposition Topic No. 37:**

Google objects to this topic as overly broad, vague, ambiguous, unduly burdensome and not proportional to the needs of the case.  Google further objects to the phrase "return on

investment in, or relative to" as vague and ambiguous.  Google further objects to topics to the

extent it calls for information relating to alleged infringement prior to the six year time period set

forth in 35 U.S.C. § 286.  Google further objects to this topic as overly broad and not properly

limited to the accused features Uniloc charted in its Local Patent Rule 3-1 disclosures.  Google

will only provide information with respect to features specifically charted in Uniloc's Local

Patent Rule 3-1 disclosures.  Google also objects to this topic to the extent it seeks information

that is not maintained by Google during the ordinary course of business.

Subject to and without waiving the foregoing objections, and to the extent it understands

this topic, Google responds as follows:

Google will designate one or more witnesses to testify regarding the financial information

produced in this litigation for the ███████████████████████████  To the extent

Uniloc contends that this topic properly encompasses any additional discoverable information,

Google is willing to meet and confer with Uniloc on a timely basis regarding the proper scope of

this topic.

**Deposition Topic No. 38:**

Defendant's development profit and loss statements for the Accused Instrumentalities

and/or products/software titles incorporating or making use of the Accused Instrumentalities.

**Response to Deposition Topic No. 38:**

Google objects to this topic as overly broad, vague, ambiguous, unduly burdensome and

not proportional to the needs of the case.  Google further objects to the phrases "development

profit and loss statements" and "products/software titles incorporating or making use of the

Accused Instrumentalities" as vague and ambiguous.  Google further objects to topics to the

extent it calls for information relating to alleged infringement prior to the six year time period set

forth in 35 U.S.C. § 286.  Google further objects to this topic to the extent it calls for information

not kept in the ordinary course of business.  Google further objects to this topic as overly broad

and not properly limited to the accused features Uniloc charted in its Local Patent Rule 3-1

disclosures.  Google also objects to this topic to the extent it seeks information that is not

maintained by Google during the ordinary course of business.

Subject to and without waiving the foregoing objections, and to the extent it understands

this topic, Google responds as follows:

Google will designate one or more witnesses to testify regarding the financial information

produced in this litigation for the ███████████████████████████  To the extent

Uniloc contends that this topic properly encompasses any additional discoverable information,

Google is willing to meet and confer with Uniloc on a timely basis regarding the proper scope of

this topic.

**Deposition Topic No. 39:**

Defendant's publicly-disclosed financial statements.

**Response to Deposition Topic No. 39:**

Google objects to this topic to the extent it seeks information already in Uniloc's

possession, custody or control to the extent the requested information is publicly available.

Google further objects to this topic on the grounds that it does not describe with reasonable

particularity the matters on which examination is requested.  Google further object to this topic

on the basis that "publicly-disclosed financial statements" is overly broad, not properly limited to

the Accused Instrumentalities, and not otherwise properly limited in time or scope.

Subject to and without waiving the foregoing objections, and to the extent it understands

this topic, Google responds as follows:

Google is willing to confer with Uniloc in an effort to understand the purpose of this topic and to determine if the parties can agree on a proper scope for this topic.

**Deposition Topic No. 40:**

Reasons the Accused Instrumentalities are used or implemented with Defendant's products or products of third parties.

**Response to Deposition Topic No. 40:**

Google objects to this topic as overly broad, vague, ambiguous, unduly burdensome and not proportional to the needs of the case.  Google further objects to the phrase "used or implemented with Defendant's products or products of third parties" as vague and ambiguous. Google further objects to this topic as overly broad and not properly limited to the accused features Uniloc charted in its Local Patent Rule 3-1 disclosures.  Google will only provide information with respect to features specifically charted in Uniloc's Local Patent Rule 3-1 disclosures. Google further objects to this topic on the grounds that it does not describe with reasonable particularity the matters on which examination is requested. Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google is willing to confer with Uniloc in an effort to understand the purpose of this topic and to determine if the parties can agree on a proper scope for this topic.

**Deposition Topic No. 41:**

The monetary and/or nonmonetary value that Defendant's customers (including software makers), end users or other Persons attribute, accord or place on the Accused Instrumentalities, including the existence and substance of any related studies, surveys, presentations, reports, or other similar Documentation.

**Response to Deposition Topic No. 41:**

Google objects to this topic as overly broad, vague, ambiguous, unduly burdensome and not proportional to the needs of the case.  Google further objects to the phrases "monetary and nonmonetary value … that Defendant's customers… attribute, accord or place on the Accused Instrumentalities" and "end users or other Persons" as vague and ambiguous.  Google further objects to this topic as overly broad and not properly limited to the accused features Uniloc charted in its Local Patent Rule 3-1 disclosures. Google will only provide information with respect to features specifically charted in Uniloc's Local Patent Rule 3-1 disclosures.  Google further objects to this topic on the grounds that it does not describe with reasonable particularity the matters on which examination is requested. Google further objects to this topic to the extent it seeks information not in Google's possession, custody, or control.  Google further objects to this topic to the extent it is improperly duplicative and/or cumulative of other Topic Nos. 27, 42-45, 50, and 51.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google will designate one or more witnesses to testify regarding marketing analyses produced by Google in this litigation, if any.  To the extent Uniloc contends that this topic properly encompasses any additional discoverable information, Google is willing to meet and confer with Uniloc on a timely basis regarding the proper scope of this topic.

**Deposition Topic No. 42:**

The monetary and/or nonmonetary value that Defendant attributes, accords, or places on the Accused Instrumentalities, including the pricing of such Accused Instrumentalities and the

existence and substance of any related studies, surveys, presentations, reports, or other similar Documentation.

**Response to Deposition Topic No. 42:**

Google objects to this topic as overly broad, vague, ambiguous, unduly burdensome and not proportional to the needs of the case. Google further objects to the phrase "monetary and/or nonmonetary value that Defendant attributes, accords, or places on the Accused Instrumentalities" as vague and ambiguous. Google further objects to this topic as overly broad and not properly limited to the accused features Uniloc charted in its Local Patent Rule 3-1 disclosures. Google will only provide information with respect to features specifically charted in Uniloc's Local Patent Rule 3-1 disclosures. Google further objects to this topic on the grounds that it does not describe with reasonable particularity the matters on which examination is requested. Google further objects to this topic to the extent it seeks information not in Google's possession, custody, or control.  Google further objects to this topic to the extent it is improperly duplicative and/or cumulative of other Topic Nos. 27, 41, 43-45, 50, and 51.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google will designate one or more witnesses to testify regarding marketing analyses produced by Google in this litigation, if any.  To the extent Uniloc contends that this topic properly encompasses any additional discoverable information, Google is willing to meet and confer with Uniloc on a timely basis regarding the proper scope of this topic.

**Deposition Topic No. 43:**

Defendant's review, study, or tracking of consumer choice, preference and/or selection relating to the Accused Instrumentalities (and/or the features and functions thereof).

**Response to Deposition Topic No. 43:**

Google objects to this topic as overly broad, vague, ambiguous, unduly burdensome and not proportional to the needs of the case. Google further objects to the phrase "tracking of consumer choice, preference and/or selection" as vague and ambiguous.  Google further objects to this topic as overly broad and not properly limited to the accused features Uniloc charted in its Local Patent Rule disclosures.  Google will only provide information with respect to features specifically charted in Uniloc's Local Patent Rule 3-1 disclosures.  Google further objects to this topic on the grounds that it does not describe with reasonable particularity the matters on which examination is requested. Google further objects to this topic to the extent it seeks information not in Google's possession, custody, or control.  Google further objects to this topic to the extent it is improperly duplicative and/or cumulative of other Topic Nos. 27, 41, 42, 44, 45, 50, and 51.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google will designate one or more witnesses to testify regarding marketing analyses produced by Google in this litigation, if any.  To the extent Uniloc contends that this topic properly encompasses any additional discoverable information, Google is willing to meet and confer with Uniloc on a timely basis regarding the proper scope of this topic.

**Deposition Topic No. 44:**

Any and all comparisons of the Accused Instrumentalities with other products, systems, and/or instrumentalities of any other Person.

**Response to Deposition Topic No. 44:**

Google objects to this topic as overly broad, vague, ambiguous, unduly burdensome and not proportional to the needs of the case.  Google further objects to this topic to the extent it

seeks Privileged Information protected at least by the attorney client privilege, common interest privilege, and/or attorney work product doctrine.  Google further objects to the phrases "[a]ny and all comparisons" and "other products, systems, and/or instrumentalities of any other Person" as vague and ambiguous.  Google further objects to this topic as overly broad and not properly limited to the accused features Uniloc charted in its Local Patent Rule 3-1 disclosures. Google will only provide information with respect to features specifically charted in Uniloc's Local Patent Rule 3-1 disclosures. Google further objects to this topic on the grounds that it does not describe with reasonable particularity the matters on which examination is requested. Google further objects to this topic to the extent it seeks information not in Google's possession, custody, or control. Google further objects to this topic to the extent it is improperly duplicative and/or cumulative of Topic Nos. 27, 41-43, 45, 50, and 51.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google will designate one or more witnesses to testify regarding marketing analyses produced by Google in this litigation, if any.  To the extent Uniloc contends that this topic properly encompasses any additional discoverable information, Google is willing to meet and confer with Uniloc on a timely basis regarding the proper scope of this topic.

**Deposition Topic No. 45:**

Reports, reviews and/or studies of competitor products, systems, and/or instrumentalities.

**Response to Deposition Topic No. 45:**

Google objects to this topic as overly broad, vague, ambiguous, unduly burdensome and not proportional to the needs of the case.  Google further objects to this topic to the extent it seeks Privileged Information protected at least by the attorney client privilege, common interest

privilege, and/or attorney work product doctrine.  Google further objects to the phrase

"competitor products, systems, and/or instrumentalities" as vague and ambiguous.  Google

further objects to this topic as overly broad and not properly limited to the accused features

Uniloc charted in its Local Patent Rule 3-1 disclosures.  Google will only provide information

with respect to features specifically charted in Uniloc's Local Patent Rule 3-1 disclosures.

Google further objects to this topic on the grounds that it does not describe with reasonable

particularity the matters on which examination is requested.  Google further objects to this topic

to the extent it seeks information not in Google's possession, custody, or control.  Google further

objects to this topic to the extent it is improperly duplicative and/or cumulative of Topic Nos. 27,

41, 42, 43, 44, 50, and 51.

Subject to and without waiving the foregoing objections, and to the extent it understands

this topic, Google responds as follows:

Google will designate one or more witnesses to testify regarding marketing analyses

produced by Google in this litigation, if any.  To the extent Uniloc contends that this topic

properly encompasses any additional discoverable information, Google is willing to meet and

confer with Uniloc on a timely basis regarding the proper scope of this topic.

**Deposition Topic No. 46:**

Presentations, whether written, verbal, recorded, televised and/or broadcast (via the

Internet or otherwise), relating to the Accused Instrumentalities.

**Response to Deposition Topic No. 46:**

Google objects to this topic as overly broad, vague, ambiguous, unduly burdensome and

not proportional to the needs of the case.  Google further objects to this topic to the extent it

seeks Privileged Information protected at least by the attorney client privilege, common interest

privilege, and/or attorney work product doctrine.  Google further objects to the phrase

"[p]resentations, whether written, verbal, recorded, televised and/or broadcast (via the Internet or

otherwise)" as vague and ambiguous.  Google further objects to this topic as overly broad and

not properly limited to the accused features Uniloc charted in its Local Patent Rule 3-1

disclosures. Google will only provide information with respect to features specifically charted in

Uniloc's Local Patent Rule 3-1 disclosures. Google further objects to this topic on the grounds

that it does not describe with reasonable particularity the matters on which examination is

requested. Google further objects to this topic to the extent it seeks information not in Google's

possession, custody, or control.

Subject to and without waiving the foregoing objections, and to the extent it understands

this topic, Google responds as follows:

Google is willing to confer with Uniloc in an effort to understand the purpose of this

topic and to determine if the parties can agree on a proper scope for this topic.

**Deposition Topic No. 47:**

The marketing and promotion of the Accused Instrumentalities, including Defendant's

marketing strategies and business plans.

**Response to Deposition Topic No. 47:**

Google objects to this topic as overly broad, vague, ambiguous, unduly burdensome and

not proportional to the needs of the case.  Google further objects to the phrase "marketing

strategies and business plans" as vague and ambiguous.  Google further objects to this topic as

overly broad and not properly limited to the accused features Uniloc charted in its Local Patent

Rule 3-1 disclosures. Google will only provide information with respect to features specifically

charted in Uniloc's Local Patent Rule 3-1 disclosures.  Google further objects to this topic on the

grounds that it does not describe with reasonable particularity the matters on which examination is requested.  Google further objects to this topic to the extent it seeks information not in Google's possession, custody, or control.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google will designate one or more witnesses to testify generally regarding marketing and promotion of the Accused Instrumentalities.  To the extent Uniloc contends that this topic properly encompasses any additional discoverable information, Google is willing to meet and confer with Uniloc on a timely basis regarding the proper scope of this topic.

**Deposition Topic No. 48:**

Defendant's business and/or financial relationship with third parties relating to the design, development, implementation, use, sale, distribution, or promotion of the Accused Instrumentalities.

**Response to Deposition Topic No. 48:**

Google objects to this topic as overly broad, vague, ambiguous, unduly burdensome and not proportional to the needs of the case. Google further objects to this topic as overly broad and not properly limited to the accused features Uniloc charted in its Local Patent Rule 3-1 disclosures. Google will only provide information with respect to features specifically charted in Uniloc's Local Patent Rule 3-1 disclosures.  Google further objects to topics to the extent it calls for information relating to alleged infringement prior to the six year time period set forth in 35 U.S.C. § 286. Google further objects to this topic on the grounds that it does not describe with reasonable particularity the matters on which examination is requested. Google further objects to this topic to the extent it seeks information not in Google's possession, custody, or control.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google will designate one or more witnesses to testify regarding Google's relationships with third-parties, to the extent any such relationships exist, related to the design, implementation, development, use, sale, or distribution of the specific accused features of the ███████████████████████ charted in Uniloc's Local Patent Rule 3-1 disclosures. To the extent Uniloc contends that this topic properly encompasses any additional discoverable information, Google is willing to meet and confer with Uniloc on a timely basis regarding the proper scope of this topic.

**Deposition Topic No. 49:**

All license agreements or contracts relating to or concerning the design, development, implementation, use, sale, distribution, or promotion of the Accused Instrumentalities.

**Response to Deposition Topic No. 49:**

Google objects to this topic as overly broad, vague, ambiguous, unduly burdensome and not proportional to the needs of the case. Google further objects to this topic to the extent it seeks information already in Uniloc's possession, custody or control.  Google further objects to this topic as overly broad and not properly limited to the accused features Uniloc charted in its Local Patent Rule 3-1 disclosures.  Google will only provide information with respect to features specifically charted in Uniloc's Local Patent Rule 3-1 disclosures, if any. Google further objects to this topic on the grounds that it does not describe with reasonable particularity the matters on which examination is requested. Google further objects to this topic to the extent it seeks information not in Google's possession, custody, or control. Google further objects to this topic to the extent it is improperly duplicative of Topics Nos. 24 and 48.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google will designate one or more witnesses to testify regarding agreements between Google and third-parties produced in this case and relating to design, development, implementation, use, sale, or distribution of the specific accused features of the ████████ ███████████████ charted in Uniloc's Local Patent Rule 3-1 disclosures.  To the extent Uniloc contends that this topic properly encompasses any additional discoverable information, Google is willing to meet and confer with Uniloc on a timely basis regarding the proper scope of this topic.

**Deposition Topic No. 50:**

All internal analysis and market studies prepared by (or for) Defendant relating to the importance or benefits of the Accused Instrumentalities or features or aspects thereof.

**Response to Deposition Topic No. 50:**

Google objects to this topic as overly broad, vague, ambiguous, unduly burdensome and not proportional to the needs of the case. Google further objects to the phrases "relating to the importance or benefits" and "features or aspects thereof" as vague and ambiguous.  Google further objects to this topic to the extent it seeks Privileged Information protected at least by the attorney client privilege, common interest privilege, and/or attorney work product doctrine. Google further objects to this topic as overly broad and not properly limited to the accused features Uniloc charted in its Local Patent Rule 3-1 disclosures.  Google will only provide information with respect to features specifically charted in Uniloc's Local Patent Rule 3-1 disclosures.  Google further objects to this topic on the grounds that it does not describe with reasonable particularity the matters on which examination is requested.  Google further objects to

this topic to the extent it is improperly duplicative and/or cumulative of other Topic Nos. 27, 41-45, and 51.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google will designate one or more witnesses to testify regarding marketing analyses produced by Google in this litigation, if any.  To the extent Uniloc contends that this topic properly encompasses any additional discoverable information, Google is willing to meet and confer with Uniloc on a timely basis regarding the proper scope of this topic.

**Deposition Topic No. 51:**

All customer surveys and analysis conducted, commissioned, or purchased by Defendant related to the importance of, or benefits attributable to, the Accused Instrumentalities.

**Response to Deposition Topic No. 51:**

Google objects to this topic as overly broad, vague, ambiguous, unduly burdensome and not proportional to the needs of the case. Google further objects to the phrase "related to the importance of, or benefits attributable to" as vague and ambiguous.  Google further objects to this topic as overly broad and not properly limited to the accused features Uniloc charted in its Local Patent Rule 3-1 disclosures.  Google will only provide information with respect to features specifically charted in Uniloc's Local Patent Rule 3-1 disclosures.  Google further objects to this topic to the extent it is improperly duplicative and/or cumulative of other Topic Nos. 27, 41-45, and 50.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google will designate one or more witnesses to testify regarding marketing analyses produced by Google in this litigation, if any.  To the extent Uniloc contends that this topic properly encompasses any additional discoverable information, Google is willing to meet and confer with Uniloc on a timely basis regarding the proper scope of this topic.

**Deposition Topic No. 52:**

The nature and types of services provided by Defendant.

**Response to Deposition Topic No. 52:**

Google objects to this topic as overly broad, vague, ambiguous, unduly burdensome and not proportional to the needs of the case.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google will designate one or more witnesses to testify generally regarding which products and services are offered by Google.  To the extent Uniloc contends that this topic properly encompasses any additional discoverable information, Google is willing to meet and confer with Uniloc on a timely basis regarding the proper scope of this topic.

**Deposition Topic No. 53:**

Defendant's policies and practices related to tracking customer information and data for the Accused Instrumentalities.

**Response to Deposition Topic No. 53:**

Google objects to this topic as overly broad, irrelevant, vague, ambiguous, unduly burdensome and not proportional to the needs of the case.  Google further objects to the phrase "tracking customer information and data" as vague and ambiguous.  Google further objects to this topic as overly broad and not properly limited to the accused features Uniloc charted in its

Local Patent Rule 3-1 disclosures.  Google will only provide information with respect to the

specific accused features of the ████████████████████████████ charted in Uniloc's

Local Patent Rule 3-1 disclosures.  Google further objects to this topic as not relevant and not

proportional to the needs of the case.

      Subject to and without waiving the foregoing objections, and to the extent it understands

this topic, Google responds as follows:

      Google is willing to confer with Uniloc in an effort to understand the purpose of this

topic and to determine if the parties can agree on a proper scope for this topic.

## Deposition Topic No. 54:

      The identification of Documents, including architecture design documents, training

manuals, training videos, debugging records, sketch books, emails, diagrams, flowcharts, source

code documentation, change logs, specifications, repair records, maintenance records,

operational manuals, WIKI documentation, correspondence with contractors, programmer logs,

timesheets, and other work records, which refer to, explain, describe, define, or otherwise

evidence the steps or acts taken by Defendant or Persons acting on the behalf of or in connection

with Defendant to design, create, build, develop, implement, operate, repair, debug, maintain, or

use the Accused Instrumentalities.

## Response to Deposition Topic No. 54:

      Google objects to this topic as overly broad, vague, ambiguous, unduly burdensome and

not proportional to the needs of the case.  Google further objects to this topic on the grounds that

it does not describe with reasonable particularity the matters on which examination is requested.

Google further objects to the phrases "architecture design documents, training manuals, training

videos, debugging records, sketch books, emails, diagrams, flowcharts, source code

documentation, change logs, specifications, repair records, maintenance records, operational manuals, WIKI documentation, correspondence with contractors, programmer logs, timesheets, and other work records" and "evidence the steps or acts taken by" as overly broad, vague, ambiguous, unduly burdensome and not proportional to the needs of the case. Google further objects to this topic on the grounds that it does not describe with reasonable particularity the matters on which examination is requested. Google further objects to this topic as overly broad and not properly limited to the accused features Uniloc charted in its Local Patent Rule 3-1 disclosures.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google will designate one or more witnesses to testify regarding the contents of the documents Google identified in response to Uniloc's Interrogatory No. 3. To the extent Uniloc contends that this topic properly encompasses any additional discoverable information, Google is willing to meet and confer with Uniloc on a timely basis regarding the proper scope of this topic.

**Deposition Topic No. 55:**

The identification of Defendant's instrumentalities that are reasonably similar to the Accused Instrumentalities.

**Response to Deposition Topic No. 55:**

Google objects to this topic as overly broad, vague, ambiguous, unduly burdensome and not proportional to the needs of the case. Google further objects to the phrase "reasonably similar" as vague and ambiguous. Google further objects to this topic to the extent it calls for a corporate representative to provide legal conclusions. Google further objects to this topic to the extent it seeks information that is properly the subject of expert testimony, opinions, and/or

reports. Google further objects to this topic on the grounds that it does not describe with reasonable particularity the matters on which examination is requested.  Google further objects to this topic as overly broad and not properly limited to the accused features Uniloc charted in its Local Patent Rule 3-1 disclosures.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google is willing to confer with Uniloc in an effort to understand the purpose of this topic and to determine if the parties can agree on a proper scope for this topic.

**Deposition Topic No. 56:**

The identification of Documents concerning Defendant's instrumentalities that are reasonably similar to the Accused Instrumentalities.

**Response to Deposition Topic No. 56:**

Google objects to this topic as overly broad, vague, ambiguous, unduly burdensome and not proportional to the needs of the case.  Google further objects to the phrase "reasonably similar" as vague and ambiguous. Google further objects to this topic to the extent it calls for a corporate representative to provide legal conclusions.  Google further objects to this topic to the extent it seeks information that is properly the subject of expert testimony, opinions, and/or reports. Google further objects to this topic on the grounds that it does not describe with reasonable particularity the matters on which examination is requested. Google further objects to this topic as overly broad and not properly limited to the accused features Uniloc charted in its Local Patent Rule 3-1 disclosures. Google further objects to this topic to the extent it is improperly duplicative and/or cumulative of other Topic No. 55.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google is willing to confer with Uniloc in an effort to understand the purpose of this topic and to determine if the parties can agree on a proper scope for this topic.

**Deposition Topic No. 57:**

The identification of all instrumentalities Defendant alleges to be a non-infringing alternative.

**Response to Deposition Topic No. 57:**

Google objects to this topic as overly broad, vague, ambiguous, unduly burdensome and not proportional to the needs of the case.  Google further objects to this topic to the extent it calls for a corporate representative to provide legal conclusions.  Google also objects to this topic to the extent it seeks information which is more properly sought through other types of discovery including interrogatories. Google further objects to this topic to the extent it seeks information that is properly the subject of expert testimony, opinions, and/or reports.  Google further objects to this topic to the extent it seeks Privileged Information protected at least by the attorney client privilege, common interest privilege, and/or attorney work product doctrine. Google further objects to this topic as overly broad and not properly limited to the accused features Uniloc charted in its Local Patent Rule 3-1 disclosures. Google will only provide information with respect to features specifically charted in Uniloc's Local Patent Rule 3-1 disclosures.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google will designate one or more witnesses to testify regarding this topic.

**Deposition Topic No. 58:**

The identification of Documents concerning the operation of any instrumentality that Defendant alleges to be a non-infringing alternative.

**Response to Deposition Topic No. 58:**

Google objects to this topic as overly broad, vague, ambiguous, unduly burdensome and not proportional to the needs of the case.  Google further objects to this topic to the extent it calls for a corporate representative to provide legal conclusions. Google also objects to this topic to the extent it seeks information which is more properly sought through other types of discovery including interrogatories. Google further objects to this topic to the extent it seeks information that is properly the subject of expert testimony, opinions, and/or reports.  Google further objects to this topic to the extent it seeks Privileged Information protected at least by the attorney client privilege, common interest privilege, and/or attorney work product doctrine.  Google further objects to this topic to the extent it is improperly duplicative and/or cumulative of other Topic No. 57. Google further objects to this topic to the extent it seeks information not in Google's possession, custody, or control.  Google further objects to this topic as overly broad and not properly limited to the accused features Uniloc charted in its Local Patent Rule 3-1 disclosures. Google will only provide information with respect to features specifically charted in Uniloc's Local Patent Rule 3-1 disclosures.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google will designate one or more witnesses to testify regarding this topic.

**Deposition Topic No. 59:**

The number of (a) downloads and/or uses of the Accused Instrumentalities, and (b) the number of users and accounts serviced by the Accused Instrumentalities since issuance of the Patent-in-Suit to present.

**Response to Deposition Topic No. 59:**

Google objects to the phrases "downloads and/or uses" and "accounts serviced by the Accused Instrumentalities" as vague and ambiguous. Google further objects to the phrases "downloads and/or uses" and "number of users and accounts serviced" as vague and ambiguous as they pertain to the accused instrumentalities, as Uniloc has not defined how "downloads and/or uses" are discriminated or otherwise quantified. Google also objects to this topic to the extent it seeks information which is more properly sought through other types of discovery including interrogatories. Google further objects to this topic to the extent that it seeks information related to extraterritorial activities that fall outside the scope of 35 U.S.C. § 271. Google further objects to this topic to the extent it calls for information relating to alleged infringement prior to the six year time period set forth in 35 U.S.C. § 286.

Google is willing to confer with Uniloc in an effort to understand the purpose of this topic and to determine if the parties can agree on a proper scope for this topic.

**Deposition Topic No. 60:**

For each limitation recited in the claims that Defendant contends is not met (either literally or under the doctrine of equivalents, and either directly or indirectly) by the Accused Instrumentalities, all facts and Documents that support, or tend to prove or disprove such a contention.

**Response to Deposition Topic No. 60:**

Google objects to this topic as overly broad, vague, ambiguous, unduly burdensome and not proportional to the needs of the case.  Google also objects to the phrase "or under the doctrine of equivalents" to the extent it attempts to extend to products or features not sufficiently specified and/or identified in Uniloc's Patent Local Rule 3-1 disclosures.  Google also objects to the phrase "all facts and Documents" as overbroad.  Google also objects to the phrase "support, or tend to prove or disprove" as vague and ambiguous.  Google further objects to this topic to the extent it calls for a corporate representative to provide legal conclusions.  Google further objects to this topic to the extent it seeks information that is properly the subject of expert testimony, opinions, and/or reports.  Google further objects to this topic to the extent it seeks Privileged Information protected at least by the attorney client privilege, common interest privilege, and/or attorney work product doctrine.  Google further objects to this topic as overly broad and not properly limited to asserted claims or the accused features Uniloc charted in its Local Patent Rule 3-1 disclosures.  Google will only provide information with respect to features specifically charted in Uniloc's Local Patent Rule 3-1 disclosures.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google will designate one or more witnesses to testify regarding the technical operation of the specific accused features of the ███████████████████████ charted in Uniloc's Local Patent Rule 3-1 disclosures.  To the extent Uniloc contends that this topic properly encompasses any additional discoverable information, Google is willing to meet and confer with Uniloc on a timely basis regarding the proper scope of this topic.

**Deposition Topic No. 61**:

The identification of Documents that Defendant referenced or relied upon in answering interrogatories in this lawsuit or in drafting any responsive pleading, motion, legal memoranda, or discovery request in this lawsuit.

**Response to Deposition Topic No. 61:**

Google objects to this topic to the extent it seeks Privileged Information protected at least by the attorney client privilege, common interest privilege, and/or attorney work product doctrine.  Google further objects to this topic to the extent it seeks information already in Uniloc's possession, custody or control. Google has produced the documents substantively relied on in this case for drafting any pleading, motion, legal memoranda, or discovery request, but will not identify or otherwise correlate every such document with every other document or discovery response that was used to prepare in connection with this case, as trying to do so would be unduly burdensome and oppressive, if not impossible.  Google further objects to this topic to the extent it is improperly duplicative and/or cumulative of Topic No. 7.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google is willing to confer with Uniloc in an effort to understand the purpose of this topic and to determine if the parties can agree on a proper scope for this topic.

**Deposition Topic No. 62:**

All communications between Defendant and any third party concerning the subject matter of this lawsuit.

**Response to Deposition Topic No. 62:**

Google objects to this topic to the extent it seeks Privileged Information protected at least by the attorney client privilege, common interest privilege, and/or attorney work product

doctrine.  Google further objects to this topic as not properly limited in time or scope.  Google further objects to the phrases "all communications," "any third party," and  "subject matter of this lawsuit" as overly broad, vague, and ambiguous.  Google further objects to this topic as overly broad, vague, ambiguous, unduly burdensome and not proportional to the needs of the case.  Google further objects to this topic as overly broad and unduly burdensome to the extent it requests, or calls for the recitation of, information readily apparent from produced documents.  Google further objects to this topic to the extent it is improperly duplicative and/or cumulative of Topic No. 63.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google is willing to confer with Uniloc in an effort to understand the purpose of this topic and to determine if the parties can agree on a proper scope for this topic.

**Deposition Topic No. 63:**

All communications between Defendant and any third party regarding the Patent-in-Suit, regardless of whether or not it relates to this lawsuit.

**Response to Deposition Topic No. 63:**

Google objects to this topic to the extent it seeks Privileged Information protected at least by the attorney client privilege, common interest privilege, and/or attorney work product doctrine. Google further objects to this topic on the basis that testimony regarding "[a]ll communications" is overly broad and unduly burdensome, including to the extent it is not limited to communications prior to the filing of Uniloc's lawsuits against Google.  Google further objects to this topic as overly broad, vague, ambiguous, unduly burdensome and not proportional to the needs of the case.  Google further objects to this topic as overly broad and unduly

burdensome to the extent it requests, or calls for the recitation of, information readily apparent from produced documents.  Google further objects to this topic to the extent it is improperly duplicative and/or cumulative of Topic No. 62. Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google will designate one or more witnesses to testify regarding Google's knowledge of the Patent-in-Suit on or before the filing of the Complaint.  To the extent Uniloc contends that this topic properly encompasses any additional discoverable information, Google is willing to meet and confer with Uniloc on a timely basis regarding the proper scope of this topic.

**Deposition Topic No. 64:**

All communications between Defendant and any third party regarding Prior Art.

**Response to Deposition Topic No. 64:**

Google objects to this topic to the extent it seeks Privileged Information protected at least by the attorney client privilege, common interest privilege, and/or attorney work product doctrine. Google further objects to this topic as overly broad, vague, ambiguous, unduly burdensome and not proportional to the needs of the case. Google also objects to the phrases "all communications" and "any third party" as vague, ambiguous, and overbroad.  Google further objects to this topic as overly broad and unduly burdensome to the extent it requests, or calls for the recitation of, information readily apparent from produced documents.  Google further objects to this topic as not properly limited in time and scope.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google is willing to confer with Uniloc in an effort to understand the purpose of this topic and to determine if the parties can agree on a proper scope for this topic.

59

**Deposition Topic No. 65:**

All communications regarding any Prior Art, including Defendant's identification of

Prior Art, the date and circumstances in which Defendant first gained any awareness of Prior Art,

and any effort by Defendant or on behalf of Defendant to locate Prior Art.

**Response to Deposition Topic No. 65:**

Google objects to this topic to the extent it seeks information already in Uniloc's

possession, custody or control.  Google further objects to this topic to the extent it seeks

Privileged Information protected at least by the attorney client privilege, common interest

privilege, and/or attorney work product doctrine.  Google also objects to the phrase "[a]ll

communications" as vague, ambiguous, and overbroad.  Google further objects to this topic as

overly broad and unduly burdensome to the extent it requests, or calls for the recitation of,

information readily apparent from produced documents.  Google further objects to this topic as

overly broad, vague, ambiguous, unduly burdensome and not proportional to the needs of the

case.  Google further objects to this topic as not properly limited in time and scope.

Subject to and without waiving the foregoing objections, and to the extent it understands

this topic, Google responds as follows:

Google is willing to confer with Uniloc in an effort to understand the purpose of this

topic and to determine if the parties can agree on a proper scope for this topic.

**Deposition Topic No. 66:**

The royalty rate or rates that Defendant contends would constitute a "reasonable royalty"

under 35 USC § 284, assuming infringement of the Patent-in- Suit is found.

**Response to Deposition Topic No. 66:**

Google objects to this topic to the extent it seeks information that is properly the subject of expert testimony, opinions, and/or reports. Google further objects to this topic to the extent it calls for a corporate representative to provide legal conclusions.  Google further objects to this topic to the extent it seeks Privileged Information protected at least by the attorney client privilege, common interest privilege, and/or attorney work product doctrine.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google will designate one or more witnesses to testify regarding Google's patent licensing practices and produced patent licenses.  To the extent Uniloc contends that this topic properly encompasses any additional discoverable information, Google is willing to meet and confer with Uniloc on a timely basis regarding the proper scope of this topic.

**Deposition Topic No. 67:**

All facts regarding determining a royalty rate that Defendant contends would constitute a "reasonable royalty" under 35 USC § 284, assuming infringement of the Patent-in-Suit is found.

**Response to Deposition Topic No. 67:**

Google also objects to the phrases "[a]ll facts" as vague, ambiguous, and overly broad. Google further objects to this topic to the extent it seeks information that is properly the subject of expert testimony, opinions, and/or reports.  Google further objects to this topic to the extent it calls for a corporate representative to provide legal conclusions.  Google further objects to this topic to the extent it seeks Privileged Information protected at least by the attorney client privilege, common interest privilege, and/or attorney work product doctrine.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google will designate one or more witnesses to testify regarding Google's patent licensing practices and produced patent licenses. To the extent Uniloc contends that this topic properly encompasses any additional discoverable information, Google is willing to meet and confer with Uniloc on a timely basis regarding the proper scope of this topic.

**Deposition Topic No. 68:**

All facts regarding any computation, calculation, or estimation of damages, lost profits, or reasonable royalties involving the Patent-in-Suit.

**Response to Deposition Topic No. 68:**

Google objects to this topic to the extent it seeks information that is properly the subject of expert testimony, opinions, and/or reports. Google also objects to the phrase "[a]ll facts" as vague, ambiguous, and overbroad. Google further objects to this topic to the extent it calls for a corporate representative to provide legal conclusions. Google further objects to this topic to the extent it seeks Privileged Information protected at least by the attorney client privilege, common interest privilege, and/or attorney work product doctrine.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google will designate one or more witnesses to testify regarding Google's patent licensing practices and produced patent licenses. To the extent Uniloc contends that this topic properly encompasses any additional discoverable information, Google is willing to meet and confer with Uniloc on a timely basis regarding the proper scope of this topic.

**Deposition Topic No. 69:**

The identification of Documents regarding any computation, calculation, or estimation of damages, lost profits, or reasonable royalties involving the Patent-in- Suit.

**Response to Deposition Topic No. 69:**

Google objects to this topic to the extent it seeks information that is properly the subject of expert testimony, opinions, and/or reports.  Google further objects to this topic to the extent it calls for a corporate representative to provide legal conclusions.  Google also objects to this topic as duplicative of and readily obtainable from Google's interrogatory responses and/or document production.  Google further objects to this topic to the extent it seeks Privileged Information protected at least by the attorney client privilege, common interest privilege, and/or attorney work product doctrine.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google will designate one or more witnesses to testify regarding Google's patent licenses and financial information produced in this litigation.  To the extent Uniloc contends that this topic properly encompasses any additional discoverable information, Google is willing to meet and confer with Uniloc on a timely basis regarding the proper scope of this topic.

**Deposition Topic No. 70:**

Any proposed or actual settlement of any litigation, prospective litigation, or disputes involving the Accused Instrumentalities.

**Response to Deposition Topic No. 70:**

Google objects to this topic as overly broad, vague, ambiguous, unduly burdensome and not proportional to the needs of the case. Google further objects to this topic to the extent the phrase "[a]ny proposed … settlements of any litigation" seeks information protected by the attorney client privilege, common interest privilege, and/or attorney work product doctrine. Google further objects to this topic to the extent the phrase "involving the Accused

Instrumentalities" as vague and ambiguous and not properly limited in time or scope. Google further objects to this topic to the extent it seeks Privileged Information protected at least by the attorney client privilege, common interest privilege, and/or attorney work product doctrine. Google further objects to this topic to the extent that it seeks  information related to extraterritorial activities that fall outside the scope of 35 U.S.C. § 271.  Google further objects to this topic to the extent it calls for information relating to alleged infringement prior to the six year time period set forth in 35 U.S.C. § 286.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google will designate one or more witnesses to testify regarding Google's patent settlement licenses produced in this litigation.  To the extent Uniloc contends that this topic properly encompasses any additional discoverable information, Google is willing to meet and confer with Uniloc on a timely basis regarding the proper scope of this topic.

**Deposition Topic No. 71:**

All facts regarding any efficient infringement policy or policies used by Defendant, including the dollar amounts under which such an efficient infringement policy or policies are enacted.

**Response to Deposition Topic No. 71:**

Google objects to this topic as overly broad, vague, ambiguous, unduly burdensome and not proportional to the needs of the case.  Google also objects to the phrase "[a]ll facts" as vague, ambiguous, and overbroad.  Google further objects to the phrase "any efficient infringement policy" as vague and ambiguous.  Google further objects to this topic to the extent it seeks information not in Google's possession, custody, or control.  Google further objects to this topic

to the extent it seeks Privileged Information protected at least by the attorney client privilege, common interest privilege, and/or attorney work product doctrine.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google is willing to confer with Uniloc in an effort to understand the purpose of this topic and confirm that Uniloc no longer seeks testimony regarding this topic.

**Deposition Topic No. 72:**

All facts regarding any inspection, testing, evaluation, or analysis conducted showing how nay [sic] product or service of Defendant compares to one or more claims of the Patent-in-Suit.

**Response to Deposition Topic No. 72:**

Google objects to this topic as overly broad, vague, ambiguous, unduly burdensome and not proportional to the needs of the case.   Google also objects to the phrases "[a]ll facts" and "compares to" as vague, ambiguous, and overbroad.  Google further objects to this topic as overly broad and not properly limited to asserted claims or  the accused features Uniloc charted in its Local Patent Rule 3-1 disclosures. Google further objects to this topic to the extent it seeks Privileged Information protected at least by the attorney client privilege, common interest privilege, and/or attorney work product doctrine.  Google further objects to this topic to the extent it seeks information that is properly the subject of expert testimony, opinions, and/or reports.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google will designate one or more witnesses to testify regarding the technical operation of the specific accused features of the ███████████████████ charted in Uniloc's Local Patent Rule 3-1 disclosures.  To the extent Uniloc contends that this topic properly encompasses any additional discoverable information, Google is willing to meet and confer with Uniloc on a timely basis regarding the proper scope of this topic.

Dated: March 13, 2020

Respectively submitted,

*/s/  Sasha Mayergoyz*

Michael C. Hendershot
mhendershot@jonesday.com
Tharan Gregory Lanier
tglanier@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Tel: (650) 739-3939

Sasha Mayergoyz
smayergoyz@jonesday.com
JONES DAY
77 W. Wacker Drive
Chicago, IL 60601
Telephone: (312) 782-3939

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
E. Glenn Thames, Jr.
State Bar No. 00785097
glennthames@potterminton.com
Patrick C. Clutter
State Bar No. 24036374
patrickclutter@potterminton.com
POTTER MINTON, P.C.
110 N. College Ave., Suite 500
Tyler, Texas 75702

Tel: (903) 597-8311

**Attorneys for Defendant Google LLC**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on March 13, 2020.

*/s/ David E. Anderson*
David E. Anderson