# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| UNILOC 2017 LLC | |
| Plaintiffs, | Civil Action No. 2:18-cv-00493-JRG |
| v. | **JURY TRIAL DEMANDED** |
| GOOGLE LLC, | |
| Defendant. | |

**DEFENDANT GOOGLE LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
SUPPLEMENTAL RULE 30(B)(6) NOTICE AND AMENDED RULE 30(B)(6) NOTICE
OF ORAL AND VIDEOTAPED DEPOSITION OF GOOGLE LLC**

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, Defendant Google LLC ("Google") hereby objects and responds to Plaintiff Uniloc 2017 LLC's Supplemental Rule 30(b)(6) Notice of Oral and Videotaped Deposition of Google LLC (the "Supplemental Notice of Deposition"), and Uniloc's Amended Rule 30(b)(6) Notice of Oral and Videotaped Deposition of Google LLC (the "Amended Notice of Deposition") as follows:

**GENERAL OBJECTIONS**

The following general objections are incorporated by reference into each of the specific objections and responses set forth below. By responding to any of the topics or failing to specifically refer to or specify any particular general objection in response to a particular topic, Google does not waive any of these general objections, nor admit or concede to the appropriateness of any purported topic or any assumptions contained therein. Without regard to objections made or not made in these General Objections, Google reserves the right to make any appropriate objection at any future deposition taken in this matter.

1

1.      Google objects to the Supplemental Notice of Deposition and the topics therein as unduly burdensome and harassing to the extent they purport to impose burdens, requirements and/or obligations that exceed or differ from those permitted by the Federal Rules of Civil Procedure, the Local Rules of the Eastern District of Texas, the Amended Docket Control Order (Dkt. No. 100), the Discovery Order (Dkt. No. 37), the Protective Order (Dkt. No. 45), and/or any other applicable order, statute, or procedure.

2.      Google objects to the Supplemental Notice of Deposition and the topics therein to the extent they lack sufficient particularity and/or are vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, and/or harassing.

3.      Google objects to the Supplemental Notice of Deposition and the topics therein to the extent they call for testimony that is neither relevant nor proportional to the needs of the case considering the minimal benefit of the requested information to any party's claims and defenses in this litigation versus the substantial costs of identifying and providing the information.

4.      Google objects to the Supplemental Notice of Deposition and the topics therein to the extent they are improperly duplicative and/or cumulative of other discovery.

5.      Google objects to the Supplemental Notice of Deposition and the topics therein to the extent they call for legal conclusions.  Google witnesses will testify only as to properly discoverable facts.

6.      Google objects to the Supplemental Notice of Deposition and the topics therein as premature to the extent they seek information that is likely to be the subject of expert testimony prior to the time set by the Court for expert witness discovery, and to the extent they seek expert discovery from fact witnesses.  Google witnesses will testify only as to properly discoverable facts.

2

7.      Google objects to these topics as untimely in view of the deadline to complete fact discovery set by Dkt. No. 100.

8.      Google objects to these topics as not seeking information that is relevant to any party's claim or defense and not proportional to the needs of this case. Instead, these topics seek to annoy, embarrass, and create an undue burden and expense to Google.

9.      Google objects to the Supplemental Notice of Deposition and the topics therein the extent that they seek information related to extraterritorial activities that fall outside the scope of 35 U.S.C. § 271.  Google witnesses will testify only with respect to activities attributable to the United States market.

10.      Google objects to the Supplemental Notice of Deposition and the topics therein to the extent they call for information relating to alleged infringement prior to the six year time period set forth in 35 U.S.C. § 286.

11.      Google objects to the Supplemental Notice of Deposition and the topics therein as unnecessary, unduly burdensome, and oppressive, to the extent that they seek information that: (i) is not within its possession, custody, or control; (ii) is already available to Uniloc; and/or (iii) is available from public, court, or agency records, or otherwise in the public domain and accessible to all parties.

12.      Google objects to the Supplemental Notice of Deposition and the topics therein to the extent that they seek information protected from disclosure by the attorney-client privilege, the common interest privilege, the joint defense privilege, the work-product doctrine, Federal Rule of Civil Procedure 26(d)(4), or any other claim of privilege, law or rule ("Privileged Information").  Google will not disclose Privileged Information in response to the Supplemental Notice of Deposition, and any undertaking to respond to the Supplemental Notice of Deposition,

including designation of persons for deposition testimony to be taken, should be understood to exclude Privileged Information.  By providing a witness for any particular Deposition Topic, Google does not intend to, nor does it, waive any applicable privilege.

13.    Google's investigation and discovery in this action is ongoing and it has not completed its preparation for trial.  Uniloc's document productions, interrogatory responses, and infringement contentions in this action remain deficient and incomplete.  Accordingly, all responses and objections are based only on such information as is presently available and specifically known to Google.  All responses and objections are provided without prejudice to Google's right to present further information not yet obtained, and to amend, change, and/or supplement its responses and objections.

14.    Google objects to the Supplemental Notice of Deposition and the topics therein to the extent that they purport to require disclosure of information which Google is required to maintain in confidence pursuant to an agreement or understanding with any third party.

15.    Google objects to the Supplemental Notice of Deposition and the topics therein as unduly burdensome to the extent that they seek information and materials not kept in the ordinary course of business.

16.    Google objects to the Supplemental Notice of Deposition and the topics therein to the extent that they seek discovery for systems, products, or services Uniloc failed to timely accuse or sufficiently chart in its Local Patent Rule 3-1 disclosures.

17.    Google objects to the definitions of "You," "Your," "Yourself," and "Google" as overbroad, unduly burdensome, and vague, including, but not limited to, the extent that they include any former, present, or future Google officer, employee, agent, consultant, representative, successor, assign, or any other person acting on behalf of Google LLC and to the

4

extent they purport to include persons or entities that are not parties to this action.  Google's responses herein are on behalf of Google LLC.

18.      Google objects to the definition of "Accused Instrumentalities" as overbroad, unduly burdensome, and vague, including, but not limited to, the extent to which the definition extends to products or features not sufficiently specified and/or identified in Uniloc's Patent Local Rule 3-1 disclosures and to the extent it purports to include "all reasonably similar products systems, and instrumentalities."

19.      Google objects to the definition of "Source Code Control System" as vague and ambiguous to the extent it includes the phrase "to prevent it from being altered by more than one person at a time."

20.      Google objects to the definition of "Version," to the extent Uniloc contends that "Version" encompasses every change to source code or each change that results in a change to the major or minor version number of any particular source code or software, as not appropriately limited in time or scope, vague and ambiguous, overly broad, unduly burdensome, oppressive, and not proportional to the needs of the case.

21.      Nothing in Google's responses herein should be construed as waiving rights or objections that might otherwise be available, nor should the responses to any of these topics be deemed an admission of relevancy, materiality, or admissibility in evidence of the topic or the response thereto.

Subject to the foregoing, Google responds and objects to the Supplemental Notice of Deposition and Amended Notice of Deposition, and the topics therein as follows:

## RESPONSES TO 30(b)(6) TOPICS

**Deposition Topic No. 73:**

The types of data and information Google collects from and/or about its customers and users.

**Response to Deposition Topic No. 73:**

Google objects to this topic as overly broad, vague, ambiguous, and unduly burdensome. Google further objects to this topic as seeking information that is not relevant to any party's claims or defenses.  Google further objects to this topic as not proportional to the needs of this case, considering (among other things) the importance of the discovery in resolving the issues and that the burden and expense of the proposed discovery outweighs any possible benefit and not proportional to the needs of the case.  Google further objects to this topic as creating an undue burden and designed to annoy, embarrass, or harrass Google, and further objects that it is seeking information, both not relevant to any claim or defense in this case and not discoverable in this case, which could be used to harm Google's reputation.  Google further objects to the phrase "types of data and information" as vague and ambiguous.  Google further objects that this topic seeks information not relevant to any claim or defense in this matter because it is not apparent how "the types of data and information Google collects from and/or about its customers and users" related to any issue in this case.  Google further objects to the phrase "collects from and/or about its customers and users" as overbroad, unduly burdensome, vague, and ambiguous. Google further objects to this topic as overly broad and not properly limited to the accused features that Uniloc charted in its Patent Local Rule 3-1 disclosures.  Google further objects to this topic on the grounds that it does not describe with reasonable particularity the matters on which examination is requested.  Google further objects to this topic to the extent that it seeks

information related to extraterritorial activities that fall outside the scope of 35 U.S.C. § 271.

Google further objects to this topic to the extent it calls for information relating to alleged

infringement prior to the six year time period set forth in 35 U.S.C. § 286.

Subject to and without waiving the foregoing objections, and to the extent it understands

this topic, Google responds as follows:

Google is willing to confer with Uniloc in an effort to understand the purpose of this

topic and to determine if the parties can agree on a proper scope for this topic.

**Deposition Topic No. 74:**

How Google collects data and information from and/or about its customers and users,

including what types of information is collected by Google apps, sites (including Search,

YouTube and Google Home) and by devices used to access Google services, including desktop

computers, tablets, smart speakers, and smartphones.

**Response to Deposition Topic No. 74:**

Google objects to this topic as overly broad, vague, ambiguous, and unduly burdensome.

Google further objects to this topic as seeking information that is not relevant to any party's

claims or defenses.  Google further objects to this topic as not proportional to the needs of this

case, considering (among other things) the importance of the discovery in resolving the issues

and that the burden and expense of the proposed discovery outweighs any possible benefit and

not proportional to the needs of the case.  Google further objects to this topic as creating an

undue burden and designed to annoy, embarrass, or harass Google, and further objects that it is

seeking information, both not relevant to any claim or defense in this case and not discoverable

in this case, which could be used to harm Google's reputation.  Google further objects to the

phrase "types of information is collected" as vague and ambiguous.  Google further objects to the

phrase "collects from and/or about its customers and users" as overbroad, unduly burdensome, vague, and ambiguous.  Google further objects to the phrase "Google apps, sites (including Search, YouTube and Google Home) and by devices" as overbroad, unduly burdensome, vague, and ambiguous to the extent it attempts to extend to products or features not sufficiently specified and/or identified in Uniloc's Patent Local Rule 3-1 disclosures.  Google further objects to the phrase "devices used to access Google services, including desktop computers, tablets, smart speakers, and smartphones" as overbroad, unduly burdensome, vague, and ambiguous to the extent it attempts to extend to products or features not sufficiently specified and/or identified in Uniloc's Patent Local Rule 3-1 disclosures.  Google further objects to this topic as overly broad and not properly limited to the accused features that Uniloc charted in its Patent Local Rule 3-1 disclosures.  Google further objects that this topic seeks information not relevant to any claim or defense in this matter because it is not apparent how "collects data and information from and/or about its customers and users, including what types of information is collected by Google apps, sites (including Search, YouTube and Google Home) and by devices used to access Google services" relates to any issue in this case.  Google further objects to this topic on the grounds that it does not describe with reasonable particularity the matters on which examination is requested. Google further objects to this topic to the extent that it seeks information related to extraterritorial activities that fall outside the scope of 35 U.S.C. § 271.  Google further objects to this topic to the extent it calls for information relating to alleged infringement prior to the six year time period set forth in 35 U.S.C. § 286.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google is willing to confer with Uniloc in an effort to understand the purpose of this topic and to determine if the parties can agree on a proper scope for this topic.

**Deposition Topic No. 75:**

How Google uses the information and data it collects from and/or about its customers and users.

**Response to Deposition Topic No. 75:**

Google objects to this topic as overly broad, vague, ambiguous, and unduly burdensome. Google further objects to this topic as seeking information that is not relevant to any party's claims or defenses.  Google further objects to this topic as not proportional to the needs of this case, considering (among other things) the importance of the discovery in resolving the issues and that the burden and expense of the proposed discovery outweighs any possible benefit and not proportional to the needs of the case.  Google further objects to this topic as creating an undue burden and designed to annoy, embarrass, or harass Google, and further objects that it is seeking information, both not relevant to any claim or defense in this case and not discoverable in this case, which could be used to harm Google's reputation.  Google further objects to the phrase "uses the information and data" as vague and ambiguous.  Google further objects to the phrase "collects from and/or about its customers and users" as overbroad, unduly burdensome, vague, and ambiguous.  Google further objects to this topic as overly broad and not properly limited to the accused features that Uniloc charted in its Patent Local Rule 3-1 disclosures. Google further objects that this topic seeks information not relevant to any claim or defense in this matter because it is not apparent how 'Google uses the information and data it collects from and/or about its customers and users"  relates to any claim or defense in this matter.  Google

further objects to this topic on the grounds that it does not describe with reasonable particularity the matters on which examination is requested.  Google further objects to this topic to the extent that it seeks information related to extraterritorial activities that fall outside the scope of 35 U.S.C. § 271.  Google further objects to this topic to the extent it calls for information relating to alleged infringement prior to the six year time period set forth in 35 U.S.C. § 286.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google is willing to confer with Uniloc in an effort to understand the purpose of this topic and to determine if the parties can agree on a proper scope for this topic.

**Deposition Topic No. 76:**

How Google makes revenue by monetizing the data and Information it collects from and/or about its users.

**Response to Deposition Topic No. 76:**

Google objects to this topic as overly broad, vague, ambiguous, and unduly burdensome. Google further objects to this topic as seeking information that is not relevant to any party's claims or defenses.  Google further objects to this topic as not proportional to the needs of this case, considering (among other things) the importance of the discovery in resolving the issues and that the burden and expense of the proposed discovery outweighs any possible benefit and not proportional to the needs of the case.  Google further objects to this topic as creating an undue burden and designed to annoy, embarrass, or harass Google, and further objects that it is seeking information, both not relevant to any claim or defense in this case and not discoverable in this case, which could be used to harm Google's reputation.  Google further objects to the phrase "monetizing the data and Information" as overbroad, unduly burdensome, vague, and

ambiguous.  Google further objects to the phrase "collects from and/or about its users" as overbroad, unduly burdensome, vague, and ambiguous.  Google further objects to this topic as overly broad and not properly limited to the accused features that Uniloc charted in its Patent Local Rule 3-1 disclosures.  Google further objects that this topic seeks information not relevant to any claim or defense in this matter.  Google further objects to this topic on the grounds that it does not describe with reasonable particularity the matters on which examination is requested. Google further objects to this topic to the extent that it seeks information related to extraterritorial activities that fall outside the scope of 35 U.S.C. § 271.  Google further objects to this topic to the extent it calls for information relating to alleged infringement prior to the six year time period set forth in 35 U.S.C. § 286.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google is willing to confer with Uniloc in an effort to understand the purpose of this topic and to determine if the parties can agree on a proper scope for this topic.

**Deposition Topic No. 77:**

How Google identifies the location of the user or customer from whom Google collects data and information.

**Response to Deposition Topic No. 77:**

Google objects to this topic as overly broad, vague, ambiguous, and unduly burdensome. Google further objects to this topic as seeking information that is not relevant to any party's claims or defenses.  Google further objects to this topic as not proportional to the needs of this case, considering (among other things) the importance of the discovery in resolving the issues and that the burden and expense of the proposed discovery outweighs any possible benefit and

not proportional to the needs of the case.  Google further objects to this topic as creating an undue burden and designed to annoy, embarrass, or harass Google, and further objects that it is seeking information, both not relevant to any claim or defense in this case and not discoverable in this case, which could be used to harm Google's reputation.  Google further objects to the phrase "collects data and information" as vague and ambiguous.  Google further objects to the phrases "identifies the location of" and "user or customer" as overbroad, unduly burdensome, vague, and ambiguous.  Google further objects to this topic as overly broad and not properly limited to the accused features that Uniloc charted in its Patent Local Rule 3-1 disclosures. Google further objects that this topic seeks information not relevant to any claim or defense in this matter.  Google further objects to this topic on the grounds that it does not describe with reasonable particularity the matters on which examination is requested.  Google further objects to this topic to the extent that it seeks information related to extraterritorial activities that fall outside the scope of 35 U.S.C. § 271.  Google further objects to this topic to the extent it calls for information relating to alleged infringement prior to the six year time period set forth in 35 U.S.C. § 286.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google is willing to confer with Uniloc in an effort to understand the purpose of this topic and to determine if the parties can agree on a proper scope for this topic.

**Deposition Topic No. 78:**

How Google identifies the device being used by Google's user or customer which is collecting data and information.

**Response to Deposition Topic No. 78:**

Google objects to this topic as overly broad, vague, ambiguous, and unduly burdensome. Google further objects to this topic as seeking information that is not relevant to any party's claims or defenses.  Google further objects to this topic as not proportional to the needs of this case, considering (among other things) the importance of the discovery in resolving the issues and that the burden and expense of the proposed discovery outweighs any possible benefit and not proportional to the needs of the case.  Google further objects to this topic as creating an undue burden and designed to annoy, embarrass, or harass Google, and further objects that it is seeking information, both not relevant to any claim or defense in this case and not discoverable in this case, which could be used to harm Google's reputation.  Google further objects to the phrase "collecting data and information" as vague and ambiguous.  Google further objects to the term "identifies the device" as overbroad, unduly burdensome, vague, and ambiguous.  Google further objects to the phrase "user or customer" as overbroad, unduly burdensome, and vague. Google further objects to this topic as overly broad and not properly limited to the accused features that Uniloc charted in its Patent Local Rule 3-1 disclosures.  Google further objects that this topic seeks information not relevant to any claim or defense in this matter.  Google further objects to this topic on the grounds that it does not describe with reasonable particularity the matters on which examination is requested.  Google further objects to this topic to the extent that it seeks information related to extraterritorial activities that fall outside the scope of 35 U.S.C. § 271.  Google further objects to this topic to the extent it calls for information relating to alleged infringement prior to the six year time period set forth in 35 U.S.C. § 286.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google is willing to confer with Uniloc in an effort to understand the purpose of this topic and to determine if the parties can agree on a proper scope for this topic.

**Deposition Topic No. 79:**

The number of times the accused Pixel phones use the security lock timer by day, month, and year.

**Response to Deposition Topic No. 79:**

Google objects to this topic as untimely in view of the deadline to complete fact discovery set by Dkt. No. 100. Google further objects to this topic as seeking information that is not relevant to any party's claims or defenses. Google further objects to the phrases "number of times" and "use the security lock timer" as overbroad, unduly burdensome, vague, and ambiguous. Google further objects to this topic as overly broad and not properly limited to the accused features that Uniloc charted in its Patent Local Rule 3-1 disclosures. Google will only provide information with respect to features specifically charted in Uniloc's Local Patent Rule 3-1 disclosures. Google objects to this topic on the grounds that it does not describe with reasonable particularity the matters on which examination is requested. Google further objects to this topic to the extent that it seeks information related to extraterritorial activities that fall outside the scope of 35 U.S.C. § 271. Google further objects to this topic to the extent it calls for information relating to alleged infringement prior to the six year time period set forth in 35 U.S.C. § 286.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google is willing to confer with Uniloc in an effort to understand the purpose of this topic and to determine if the parties can agree on a proper scope for this topic.

**Deposition Topic No. 80:**

The number of times the accused Pixel phones use the screen lock in response to the Pixel phone being inactive during normal operation.

**Response to Deposition Topic No. 80:**

Google objects to this topic as untimely in view of the deadline to complete fact discovery set by Dkt. No. 100.  Google further objects to this topic as seeking information that is not relevant to any party's claims or defenses.  Google further objects to this topic as overly broad, vague, ambiguous, unduly burdensome and not proportional to the needs of the case.  Google further objects to the phrases "number of times" and "user the screen lock in response to the Pixel phone being inactive during normal operation" as overbroad, unduly burdensome, vague, and ambiguous.  Google further objects to this topic as overly broad and not properly limited to the accused features that Uniloc charted in its Patent Local Rule 3-1 disclosures.  Google will only provide information with respect to features specifically charted in Uniloc's Local Patent Rule 3-1 disclosures.  Google further objects to this topic on the grounds that it does not describe with reasonable particularity the matters on which examination is requested.  Google further objects to this topic to the extent that it seeks information related to extraterritorial activities that fall outside the scope of 35 U.S.C. § 271.  Google further objects to this topic to the extent it calls for information relating to alleged infringement prior to the six year time period set forth in 35 U.S.C. § 286.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google is willing to confer with Uniloc in an effort to understand the purpose of this topic and to determine if the parties can agree on a proper scope for this topic.

**Deposition Topic No. 81:**

The incident rate at which a user can set a screen lock manually with a security timer.

**Response to Deposition Topic No. 81:**

Google objects to this topic as untimely in view of the deadline to complete fact discovery set by Dkt. No. 100.  Google further objects to this topic as seeking information that is not relevant to any party's claims or defenses.  Google further objects to this topic as overly broad, vague, ambiguous, unduly burdensome and not proportional to the needs of the case.  Google further objects to the phrase "incident rate" as overbroad, unduly burdensome, vague, and ambiguous – it is not clear what Uniloc means by this phrase.  Google further objects to the phrase "security timer" as overbroad, unduly burdensome, vague, and ambiguous – it is not clear what Uniloc is referred to with this phrase.  Google further objects to this topic as overly broad and not properly limited to the accused features that Uniloc charted in its Patent Local Rule 3-1 disclosures.  Google will only provide information with respect to features specifically charted in Uniloc's Local Patent Rule 3-1 disclosures.  Google further objects to this topic on the grounds that it does not describe with reasonable particularity the matters on which examination is requested.  Google further objects to this topic to the extent that it seeks information related to extraterritorial activities that fall outside the scope of 35 U.S.C. § 271.  Google further objects to this topic to the extent it calls for information relating to alleged infringement prior to the six year time period set forth in 35 U.S.C. § 286.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google is willing to confer with Uniloc in an effort to understand the purpose of this topic and to determine if the parties can agree on a proper scope for this topic.

**Deposition Topic No. 82:**

User demand for the security lock.

**Response to Deposition Topic No. 82:**

Google objects to this topic as untimely in view of the deadline to complete fact discovery set by Dkt. No. 100.  Google further objects to this topic as seeking information that is not relevant to any party's claims or defenses.  Google further objects to the phrase "security lock" as overbroad, unduly burdensome, vague, and ambiguous – it is not clear what Uniloc is referring to by this phrase.  Google further objections to the term "user demand" as vague and ambiguous.  Google further objects to this topic as overly broad and not properly limited to the accused features that Uniloc charted in its Patent Local Rule 3-1 disclosures.  Google will only provide information with respect to features specifically charted in Uniloc's Local Patent Rule 3-1 disclosures.  Google objects to this topic on the grounds that it does not describe with reasonable particularity the matters on which examination is requested.  Google further objects to this topic to the extent that it seeks information related to extraterritorial activities that fall outside the scope of 35 U.S.C. § 271.  Google further objects to this topic to the extent it calls for information relating to alleged infringement prior to the six year time period set forth in 35 U.S.C. § 286.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google is willing to confer with Uniloc in an effort to understand the purpose of this topic and to determine if the parties can agree on a proper scope for this topic.

**Deposition Topic No. 83:**

User demand for the screen lock.

**Response to Deposition Topic No. 83:**

Google objects to this topic as untimely in view of the deadline to complete fact discovery set by Dkt. No. 100.  Google further objects this topic on the grounds that it does not describe with reasonable particularity the matters on which examination is requested.  Google further objections to the term "user demand" as vague and ambiguous.  Google further objects to this topic to the extent that it seeks information related to extraterritorial activities that fall outside the scope of 35 U.S.C. § 271.  Google further objects to this topic to the extent it calls for information relating to alleged infringement prior to the six year time period set forth in 35 U.S.C. § 286.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google will designate one or more witnesses to testify regarding the user demand for the accused functionality charted in Uniloc's Local Patent Rule 3-1 disclosures to the extent known to Google.  To the extent Uniloc contends that this topic properly encompasses any additional discoverable information, Google is willing to meet and confer with Uniloc on a timely basis regarding the proper scope of this topic.

**Deposition Topic No. 84:**

The value of the security lock in relation to the overall value of the Pixel phone.

**Response to Deposition Topic No. 84:**

Google objects to this topic as untimely in view of the deadline to complete fact discovery set by Dkt. No. 100.  Google further objects to this topic as seeking information that is not relevant to any party's claims or defenses.  Google further objects to the terms "value" and "overall value" as vague and ambiguous.  Google further objects to the phrase "security lock" as

overbroad, unduly burdensome, vague, and ambiguous – it is not clear what Uniloc is referring to by this phrase.  Google further objects to this topic as overly broad and not properly limited to the accused features that Uniloc charted in its Patent Local Rule 3-1 disclosures.  Google will only provide information with respect to features specifically charted in Uniloc's Local Patent Rule 3-1 disclosures.  Google further objects to this topic on the grounds that it does not describe with reasonable particularity the matters on which examination is requested.  Google further objects to this topic to the extent that it seeks information related to extraterritorial activities that fall outside the scope of 35 U.S.C. § 271.  Google further objects to this topic to the extent it calls for information relating to alleged infringement prior to the six year time period set forth in 35 U.S.C. § 286.  Google further objects to this topic to the extent it seeks information that is properly the subject of expert testimony, opinions, and/or reports.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google is willing to confer with Uniloc in an effort to understand the purpose of this topic and to determine if the parties can agree on a proper scope for this topic.

**Deposition Topic No. 85:**

The value of the screen lock in relation to the overall value of the Pixel phone.

**Response to Deposition Topic No. 85:**

Google objects to this topic as untimely in view of the deadline to complete fact discovery set by Dkt. No. 100.  Google further objects to the terms "value" and "in relation to the overall value" as vague and ambiguous.  Google further objects to this topic on the grounds that it does not describe with reasonable particularity the matters on which examination is requested.  Google further objects to this topic to the extent that it seeks information related to

19

extraterritorial activities that fall outside the scope of 35 U.S.C. § 271.  Google further objects to this topic to the extent it calls for information relating to alleged infringement prior to the six year time period set forth in 35 U.S.C. § 286.  Google further objects to this topic to the extent it seeks information that is properly the subject of expert testimony, opinions, and/or reports.

Subject to and without waiving the foregoing objections, and to the extent it understands this topic, Google responds as follows:

Google is willing to confer with Uniloc in an effort to understand the purpose of this topic and to determine if the parties can agree on a proper scope for this topic.

## RESPONSES TO DOCUMENT REQUESTS[1]

**Request No. 1:**

All documents consulted or relied upon in preparation for the deposition.

**Response:**

Google objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the common interest privilege, the joint defense privilege, the work-product doctrine, Federal Rule of Civil Procedure 26(d)(4), or any other claim of privilege, law or rule.  Google further objects to this request as untimely in view of the deadline to complete fact discovery set by Dkt. No. 96.  Google further objects to this request as overly broad and unduly burdensome to the extent it calls for "all documents," including such documents that are publicly available.

---

[1] The same two requests accompanied both Plaintiff Uniloc 2017 LLC's Supplemental Rule 30(b)(6) Notice of Oral and Videotaped Deposition of Google LLC and Plaintiff Uniloc 2017 LLC's Amended Rule 30(b)(6) Notice of Oral and Videotaped Deposition of Google LLC. Defendant's responses address those two requests and apply to all topics in which the requests were made across the two notices addressed herein.

Subject to and without waiving the foregoing objections, and to the extent it understands this Request, Google responds as follows:

Google will produce documents not subject to any claims of privilege or work product that were consulted or relied upon in preparation for the deposition and that have not previously been produced.

**Request No. 2:**

All documents which the deponent has used or may need to refresh his or her recollection as to any of the topics listed in Exhibit A.

**Response:**

Google objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the common interest privilege, the joint defense privilege, the work-product doctrine, Federal Rule of Civil Procedure 26(d)(4), or any other claim of privilege, law or rule.  Google further objects to this request as untimely in view of the deadline to complete fact discovery set by Dkt. No. 96.  Google further objects to this request as overly broad and unduly burdensome to the extent it calls for "all documents," including such documents that are publicly available.

Subject to and without waiving the foregoing objections, and to the extent it understands this Request, Google responds as follows:

Google will produce documents not subject to any claims of privilege or work product that were used to refresh the deponent's recollection as to any of the topics listed in Exhibit A that have not been previously produced.

Dated: April 8, 2020

Respectively submitted,

*/s/  Sasha Mayergoyz*

Michael C. Hendershot
mhendershot@jonesday.com
Tharan Gregory Lanier
tglanier@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Tel: (650) 739-3939

Sasha Mayergoyz
smayergoyz@jonesday.com
JONES DAY
77 W. Wacker Drive
Chicago, IL 60601
Telephone: (312) 782-3939

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
E. Glenn Thames, Jr.
State Bar No. 00785097
glennthames@potterminton.com
Patrick C. Clutter
State Bar No. 24036374
patrickclutter@potterminton.com
POTTER MINTON, P.C.
110 N. College Ave., Suite 500
Tyler, Texas 75702
Tel: (903) 597-8311

**Attorneys for Defendant Google LLC**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who have consented to

electronic service are being served with a copy of this document via electronic mail on April 8,

2020.


_/s/ David E. Anderson_
David E. Anderson